[Cite as *Nob Hill E. Condominium Assn. v. Grundstein*, 2011-Ohio-2552.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95919

## NOB HILL EAST CONDOMINIUM ASSOCIATION

PLAINTIFF-APPELLEE

vs.

## ROBERT GRUNDSTEIN

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Bedford Municipal Court

Case No. CVF-05558

**BEFORE:**   Rocco, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   May 26, 2011

**ATTORNEY FOR APPELLANT**

Robert Grundstein, Pro Se
WSBA 20389
P.O. 342
Hyde Park, VT 05655

**ATTORNEY FOR APPELLEE**

Christopher Horn
178 E. Washington Street
Chagrin Falls, Ohio 44022

KENNETH A. ROCCO, J.:

**{¶ 1}** Although defendant-appellant Robert Grundstein was declared a vexatious litigator,[1] this court nevertheless permitted him to file an appeal from the orders of the Bedford Municipal Court that denied his "motion"[2] for relief from a judgment in favor of plaintiff-appellee Nob Hill East Condominium Association.[3]

**{¶ 2}** In granting Grundstein's request to file this appeal, this court placed certain conditions on him. Grundstein was ordered to "comply with the Ohio Rules of Appellate Procedure as well as the local rules of this court * * * ." Grundstein subsequently filed a docketing statement that indicated the "appropriate designation for this case" was assignment to the accelerated calendar.

**{¶ 3}** App.R. 11.1(A) states in pertinent part:

**{¶ 4}** "The accelerated calendar is designed to provide a means to eliminate delay and unnecessary expense in effecting a just decision on

---

[1] See *Grundstein v. Wolf's Gallery, Inc.*, Cuyahoga County Court of Common Pleas No. CV-572848.

[2] Grundstein actually filed more than one motion, entitling them as 1) a "motion to vacate order"; 2) a "motion to set aside judgment"; and, finally, 3) a "motion for relief from judgment."

[3] The association obtained judgment both on its complaint, which sought payment of assessments on his unit, and on Grundstein's numerous counterclaims.

appeal by the recognition that *some cases do not require as extensive or time consuming procedure as others.*" (Emphasis added.)

**{¶ 5}** In spite of the foregoing, Grundstein has filed an appellate brief that contains eleven assignments of error. His claims of such extensive error completely frustrate the intention of the accelerated calendar. See App.R. 11.1(A)(2)(c). Grundstein has also filed a reply brief, in contravention of Loc.App.R. 11.1(B)(4)(d).

**{¶ 6}** In addition, App.R. 11.1(C) directs that appellate briefs must comply with the form specified by App.R. 16.

**{¶ 7}** App.R. 16(A)(4) requires a "statement of the issues presented for review, with *references* to the assignments of error *to which each issue relates.*" (Emphasis added.) App.R. 16(A)(5) requires the appellant to present a "statement of the case * * * describing the nature of the case, the course of proceedings, and the disposition in the court below." App.R. 16(A)(6) requires a "statement of the facts relevant to the assignments of error * * * , with appropriate *references to the record* in accordance with division (D) of this rule." (Emphasis added.)

**{¶ 8}** Finally, App.R. 16(A)(7) provides that the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in

support of the contentions, *with citations* to the authorities, statutes, and parts of the record on which appellant relies. * * * ." (Emphasis added.)

{¶ 9} A review of Grundstein's appellate brief demonstrates he complied only minimally, when he did so at all, with App.R. 16(A)'s requirements.

{¶ 10} The appeal will be determined as provided by App.R. 11.1(E) and Loc.App.R. 11.1. Thus, "in its discretion," this court may issue a "judgment entry-accelerated calendar" rather than a full opinion. Loc.App.R. 11.1(B)(5).

{¶ 11} Grundstein is reminded that "it is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *Rodriguez v. Rodriguez*, Cuyahoga App. No. 91412, 2009-Ohio-3456, ¶7, citing *State v. McGuire* (Apr. 15, 1996), Preble App. No. CA95-01-001. "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *Rodriguez*, citing *State v. Watson* (1998), 126 Ohio App.3d 316, 710 N.E.2d 340. See, also, *Barry v. Rolfe*, Cuyahoga App. Nos. 88459, 88460, 88676, 88680-86, and 88908-11, 2008-Ohio-3131, ¶41-48.

{¶ 12} With the foregoing as background, Grundstein's assignments of error are addressed as follows.

{¶ **13**} His first, ninth, tenth, and eleventh assignments of error, which challenge the municipal court's prerogative to reconsider its decision to "conditionally" dismiss this case, are overruled on the authority of *Schmidt v. Bankers Title & Escrow Agency, Inc.*, Cuyahoga App. No. 88847, 2007-Ohio-3924. See, also, *Hines v. Zofko* (Mar. 22, 1994), Trumbull App. No. 93-T-4928.

{¶ **14**} Grundstein's second, third, and eighth assignments of error, which challenge the municipal court's jurisdiction over the subject matter, are overruled on the authority of *Lewallen v. Mentor Lagoons, Inc.* (1993), 85 Ohio App.3d 91, 619 N.E.2d 98.

{¶ **15**} Grundstein's fourth and fifth assignments of error will not be addressed because Grundstein failed to comply with App.R. 16(A)(7). App.R. 12(A)(2).

{¶ **16**} Grundstein's sixth and seventh assignments of error, which challenge the denial of his Civ.R. 60(B) "motion," are overruled because he failed to submit evidence in the municipal court to support these arguments. *McKean v. Howell*, Stark App. No. 2002CA00293, 2003-Ohio-353, ¶16-19.

{¶ **17**} Since none of Grundstein's assignments of error has merit, the municipal court's orders are affirmed.

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR