[Cite as *State Farm Mut. Auto. Ins. Co. v. Williams* , 2019-Ohio-4059.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY,

     Plaintiff-Appellee,       :

                                 No. 107951

     v.                       :

PERCY WILLIAMS III,         :

     Defendant-Appellant.     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 3, 2019

---

Civil Appeal from the Cleveland Municipal Court
Case No. 2014 CVF 015940

---

#### *Appearances:*

Zeehandelar, Sabatino, & Associates, and Steven J. Zeehandelar, *for appellee.*

Percy Williams III, *pro se.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, Percy Williams III ("appellant"), brings the instant appeal challenging the trial court's denial of his motion for relief from judgment in a breach of contract action. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} Appellant and a motorist insured by plaintiff-appellee, State Farm Mutual Automobile Insurance Company ("State Farm"), were involved in a motor vehicle accident on November 23, 2008. In August 2009, State Farm and appellant reached an agreement under which State Farm would not pursue legal action for the damages and injuries resulting from the accident in exchange for appellant's promise to pay $11,104.32 (hereinafter "settlement agreement"). Appellant executed an "installment agreement and [promissory] note" on August 6, 2009, memorializing the terms of the settlement agreement. Pursuant to the settlement agreement, appellant was required to make monthly payments of $75 until the balance was fully paid.

{¶ 3} Appellant initially made payments pursuant to the terms of the settlement agreement. At some point, appellant stopped making payments, and as a result, State Farm filed a complaint against appellant on October 27, 2014. Therein, State Farm alleged that appellant stopped making timely payments pursuant to the settlement agreement, defaulted on the installment agreement and promissory note, and that the outstanding balance appellant owed State Farm was $6,919.32.

{¶ 4} Appellant field a motion to quash service of process and to dismiss the case on December 19, 2014. He appeared to argue that the case should be dismissed because State Farm failed to perfect service of its complaint upon him. On

December 1, 2015, the trial court denied appellant's motion to dismiss and to quash service, and ordered appellant to file an answer or response to the complaint.

{¶ 5} State Farm filed a motion for summary judgment on November 20, 2015. In support of its motion for summary judgment, State Farm submitted an affidavit of representative Jennifer Simple in which she averred, in relevant part:

4. On November 23, 2008, [appellant] and [two State Farm policy holders] were involved in an automobile collision.

5. The State Farm records reveal that [appellant] rear-ended [the policy holders] while they were stopped at a yield sign.

6. [The policy holders] submitted a claim to State Farm for their damages which totaled $11,104.32.

7. State Farm paid the foregoing amount, less [the] $500.00 deductible and thereby became subrogated in that amount.

8. State Farm sent the claim to counsel to protect its subrogation claim.

9. With our consent, Counsel settled the claim on our behalf with [appellant] pursuant to the terms of the [promissory note.]

10. State Farm abided by the terms of the Note.

11. [Appellant] has thus far paid $4,185.00 on the claim.

12. [Appellant] has failed to make any payments since July 31, 2014.

13. The amount still owed by [appellant] pursuant to the terms of the Note is $6,919.32.

{¶ 6} On April 20, 2016, the trial court denied State Farm's motion for summary judgment.

{¶ 7} Appellant filed an answer and asserted affirmative defenses on February 24, 2016. Appellant appeared to assert the following relevant affirmative defenses: lack of contractual capacity due to head injuries sustained in a 2002 RTA

accident; duress, appearing to assert that he only signed the settlement agreement because State Farm threatened to suspend his license; unconscionability; mistake, appearing to assert that he only signed the settlement agreement because he thought State Farm was affiliated with the BMV; and fraud in the inducement, appearing to argue that he did not understand his rights and he only tendered payments to State Farm based on phone calls during which State Farm threatened to suspend his driving privileges.  Furthermore, appellant asserted, in relevant part,

> 1. [Appellant] specifically denies under oath the genuineness and due execution of the [settlement agreement]; * * * the truth being that [appellant] does not recall the document, as a result heis [sic] denying signing the [agreement].

> By the way of special and affirmative defenses, [appellant] avers:

> 1. That the obligation [under the settlement agreement] is legally inexistent, and thus cannot be considered due and demandable.

> 2. [State Farm] has no cause of action against [appellant] as he denies execution of signature, and delivery of promissory note to [State Farm].

{¶ 8} A bench trial was conducted on September 12, 2016.  On February 13, 2017, the trial court issued a judgment entry in which it entered judgment in favor of State Farm in the amount of $6,919.32 plus costs and interest.

{¶ 9} Appellant filed a motion requesting findings of fact and conclusions of law on February 22, 2017.  On August 3, 2017, the trial court issued the following relevant findings of fact and conclusions of law:

> FINDINGS OF FACT

> * * * The narrative of the accident was; [State Farm's insured motorist] * * * had stopped to yield for traffic when [appellant] reported to police

he was distracted and did not notice [the insured motorist] coming to a full stop. ([State Farm's] Exhibit #1).

Testimony was given by [appellant], that he did not remember anything about the accident, but he did admit to signing an agreement with [State Farm] for damages caused in the accident, as a settlement of the claim resulting from [appellant] not having insurance on or about August 6, 2009. ([State Farm's] Exhibit #4). [Appellant] also testified he did not remember making any payments to [State Farm] per the Promissory note.

Testimony presented by [State Farm's] witnesses showed payments were made on the account, via checks signed by [appellant]. [Appellant] testified that the signature on the checks looked like his, but he did not recall making any payments.

Per the testimony of [State Farm], the balance due for damages resulting from the auto accident was $6,919.32

CONCLUSIONS OF LAW

Therefore judgment was entered for [State Farm] for $6,919.32 plus costs and interest from February 13, 2017.

{¶ 10} On August 15, 2017, appellant filed an amended motion for findings of fact and conclusions of law. The trial court did not rule on appellant's motion, nor issue supplemental findings of fact and conclusions of law.

{¶ 11} On February 7, 2018, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). Therein, appellant argued that there were factual omissions and misrepresentations at trial, and that his due process rights were violated as a result of the trial court failing to appoint an attorney to represent him during trial. Appellant argued that he was entitled to relief from judgment pursuant to Civ.R. 60(B)(3) and (5). Appellant raised the following four claims based upon he was entitled to relief from judgment: (1) his due process rights were "significantly

jeopardized" based on his inability to file post-trial motions; (2) his due process rights were "significantly harm[ed]" because the trial court did not appoint counsel to represent him; (3) his due process rights were "significantly prejudice[d]" based on the misrepresentations of the trial testimony in the trial court's findings of fact; and (4) his due process rights were "significantly harm[ed]" because the trial court omitted "critical material facts" from its findings of fact.

{¶ 12} On November 14, 2018, the trial court issued a judgment entry denying appellant's motion for relief from judgment and ordering appellant to continue making payments pursuant to the settlement agreement and agreed judgment entry entered on February 13, 2017. In denying the motion for relief from judgment, the trial court concluded that during pretrial proceedings and at trial, appellant did not request the trial court to appoint an attorney to represent him, nor did appellant show any signs of mental incapacity during trial. Furthermore, appellant did not present any medical records or evidence pertaining to his purported psychological issues. The trial court explained that appellant acknowledged entering into a settlement agreement with State Farm, and appellant testified that the signature on the check for one of the payments looked like his signature.

{¶ 13} On December 3, 2018, appellant filed the instant appeal challenging the trial court's judgment. In his notice of appeal, appellant asserts that he is appealing from "the final judgment entered in this action on 10/29/2018." The trial court did not issue a judgment entry or enter final judgment on October 29, 2018.

It appears that appellant is appealing from the trial court's November 14, 2018 judgment denying appellant's motion for relief from judgment and ordering appellant to continue making payments pursuant to the agreed judgment entry entered on February 13, 2017.

{¶ 14} Appellant requested an App.R. 9(C) record in his notice of appeal.[1] On January 23, 2019, this court ordered appellant to show cause before February 25, 2019, as to (1) why the record should not be converted into an App.R. 9(A) record, and (2) why appellant has failed to file an App.R. 9(C) statement that had been approved by the trial court.

{¶ 15} Appellant failed to show cause or file an App.R. 9(C) statement that had been approved by the trial court. As a result, on March 6, 2019, this court converted the record into an App.R. 9(A) record and deemed the record to be complete. The record before this court is devoid of a transcript or an App.R. 9(C) statement of the evidence.

{¶ 16} Appellant filed an untimely App.R. 9(C) statement on March 13, 2019. The record reflects, however, that the proposed statement that appellant submitted to the trial court had been denied as inaccurate.

{¶ 17} On March 28, 2019, appellant filed a motion for appointment of appellate counsel and an extension of time to file an appellate brief. On April 2,

---

[1] In his motion to submit a statement under App.R. 9(C), filed in the trial court on December 21, 2018, appellant asserted that there was no recorded transcript from the civil trial.

2019, this court granted appellant an extension of time to file his opening brief, but denied his request to have counsel appointed.

{¶ 18} On March 29, 2019, appellant filed a motion to supplement the trial court's record. On April 10, 2019, this court granted appellant's motion to supplement the record in part. This court granted the motion with respect to the checks referenced in the trial court's October 29, 2018 judgment entry and the samples of appellant's handwriting; this court denied appellant's motion with respect to appellant's request for the trial court's notes.

{¶ 19} On April 10, 2019, the trial court submitted correspondence indicating that there were no additional documents or evidence with which to supplement the record on appeal. Specifically, the trial court indicated that (1) the checks were presented at trial, but were not admitted into evidence, and (2) the trial court was unable to locate the samples of appellant's handwriting or signatures.

{¶ 20} In this appeal, appellant appears to raise six assignments of error for our review:

> I. Whether or not [appellant] was incompetent at the time [of trial], and should have been represented by an attorney.
>
> II. Whether or not [appellant] was advised and waived his right to a jury trial.
>
> III. Whether or not the police report, [State Farm's] Exhibit 1, was inadmissible hearsay.
>
> IV. Whether or not [appellant's] signature on the contract of [State Farm's Exhibit 4] is valid.
>
> V. Whether or not [appellant] could have filed a timely objection without a written decision from the magistrate.

VI. Whether or not judgment should have been against the [State Farm], [a]nd for [appellant].

{¶ 21} To the extent that appellant's assignments of error are interrelated, they will be addressed together. Furthermore, for ease of discussion, appellant's assignments of error will be addressed out of order.

## II. Law and Analysis

## A. Record on Appeal

{¶ 22} As noted above, we initially note that the record before this court does not contain a transcript of the trial court's proceedings or an App.R. 9(C) statement of the evidence.

{¶ 23} On January 23, 2019, this court ordered appellant to show cause, before February 25, 2019, as to (1) why the record should not be converted into an App.R. 9(A) record, and (2) why appellant has failed to file an App.R. 9(C) statement that had been approved by the trial court.

{¶ 24} Appellant failed to show cause or file an App.R. 9(C) statement that had been approved by the trial court; as a result, on March 6, 2019, this court converted the record into an App.R. 9(A) record and deemed the record to be complete.

{¶ 25} Appellant filed a motion for an extension of time to file his brief on March 8, 2019. Therein, he indicated that he filed his App.R. 9(C) statement with the trial court on December 21, 2018, and was waiting for a response or approval.

Appellant submitted a copy of the motion to submit a statement that he filed in the trial court.

{¶ 26} On March 13, 2019, this court granted appellant's motion for an extension "to file assignments of error and brief." This court did not grant appellant an extension of time to file an App.R. 9(C) statement, nor did this court convert the record from App.R. 9(A) to 9(C).

{¶ 27} After this court converted the record into an App.R. 9(A) record and deemed the record to be complete, appellant filed an untimely App.R. 9(C) statement on March 13, 2019. Appellant's App.R. 9(C) statement provides, in relevant part:

Statement 1

[Appellant] was ask[ed] to describe his version of the accident. [He] recited that the car in front of him moved to[o] far in traffic when at the yield sign, and began to backup, as [appellant] was moving forward.

* * *

Statement 2

[Appellant] was shown a contract and asked did he recall the document. [Appellant] recited that he had no memory of such document, nor did he remember signing such a document.

* * *

Statement 3

[Appellant] provided samples of his handwriting to the trial court when requested.

[State Farm] when requested did not have any samples of signatures by [appellant].

* * *

Statement 4

[Appellant] was asked by the trial court, as to why he was making payments to [State Farm]. [Appellant] recited that he received threatening phone calls from [State Farm] to revoke his license. [Appellant] recited that he thought that the agency of [State Farm] was associated with the Bureau of Motor Vehicles.

* * *

Statement 5

The trial court asked [appellant], how long he has been living at his present residence. [Appellant] recited that he could not remember. [Appellant] also recited that he has memory problems due to an accident on the RTA.

*See* appellant's motion to submit a statement under App.R. 9(C), filed December 21, 2018.[2]

{¶ 28} The record reflects that on March 11, 2019, the trial court denied appellant's motion to submit an App.R. 9(C) statement, which he filed on December 21, 2018. The trial court concluded that the proposed statement submitted by appellant was "inaccurate." Specifically, the trial court concluded that (1) appellant's first statement was not an accurate description of the accident; (2) appellant's second statement was not accurate because appellant admitted at trial that he did sign an agreement with State Farm for the damages appellant caused in the accident; (3) appellant's third statement was moot based on his admission at trial that he

---

[2] Appellant did not request leave to file his untimely App.R. 9(C) statement, nor did he request to supplement the record with this statement or for this court to convert the record on appeal from an App.R. 9(A) record to an App.R. 9(C) record.

signed an agreement with State Farm; (4) appellant's fourth statement was not accurate because he testified at trial that he did not recall making any payments to State Farm; and (5) appellant's fifth statement was accurate to the extent that he indicated at trial that he did not remember many issues pertaining to the accident or the promissory note he signed on August 9, 2009.

{¶ 29} Accordingly, appellant has failed to file a transcript from the trial, and the App.R. 9(C) proposed statement of the evidence that appellant submitted to the trial court was not approved by the trial court, but rather denied as inaccurate. It is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the trial court's decision. App.R. 9(B); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Without a transcript or an alternative record pursuant to App.R. 9(C) or (D), this court must presume regularity in the trial court's proceedings. *Id.* Specifically, this court "presume[s] that the trial court considered all the evidence and arguments raised." *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, ¶ 26 (8th Dist.).

{¶ 30} As noted above, appellant initially indicated that this was an App.R. 9(C) appeal that would include a statement of the evidence or proceedings in the trial court. However, appellant failed to file an App.R. 9(C) statement. On January 23, 2019, this court ordered appellant to show cause, on or before February 25, 2019, as to why the record should not be converted into an App.R. 9(A) record. Appellant failed to show cause and failed to file a statement of the evidence in a timely manner. As a result, this court converted the record on appeal to an App.R.

9(A) record.  Finally, the untimely App.R. 9(C) statement that appellant filed on March 13, 2019, was not approved by the trial court on the basis that it was "inaccurate."

{¶ 31} Although appellant acted pro se in the proceedings below, and is acting pro se in the instant appeal, "'[i]t is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" *In re Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22, quoting *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10.  Appellant's failure to comply with App.R. 9 and his failure to fulfill his duty of filing the parts of the transcript that are necessary to enable this court to evaluate the trial court's judgment cannot be excused on the basis that he is acting pro se.

{¶ 32} Based on the foregoing analysis, and without a transcript or App.R. 9(C) statement to support appellant's claims, we are compelled to presume regularity of the proceedings below, including the verdict.  The presumption of regularity is not undermined by any evidence in the record before this court.

## B. Scope of Appeal

{¶ 33} We also note that appellant appears to raise arguments in all five of his assignments of error pertaining to pretrial proceedings, the February 2017 trial, and the trial court's February 13, 2017 verdict.

{¶ 34} "'[A] motion for relief from judgment cannot be predicated upon the argument that the trial court made a mistake in rendering its decision.'" *Hawken School v. Norstrom*, 8th Dist. Cuyahoga No. 106295, 2018-Ohio-2302, ¶ 34, quoting *Chester Twp. v. Fraternal Order of Police*, 102 Ohio App.3d 404, 408, 657 N.E.2d 348 (11th Dist.1995). Civ.R. 60(B) does not contemplate "mistake[s] by the trial court in its legal analysis." *Hawken School* at *id.*, citing *Antonopoulos v. Eisner*, 30 Ohio App.2d 187, 284 N.E.2d 194 (8th Dist.1972).

> Similarly, this court has indicated that "Civ.R. 60(B)(5) does not contemplate possible error in the legal reasoning underlying a judgment as any other reason justifying relief from judgment." *Rea v. Pecsok, Rea & Demarchi*, 8th Dist. Cuyahoga No. 71014, 1997 Ohio App. LEXIS 1437, 9 (Apr. 10, 1997); *Anderson v. Garrick*, 8th Dist. Cuyahoga No. 68244, 1995 Ohio App. LEXIS 4501, 13 (Oct. 12, 1995) ("Civ.R. 60(B) is not a viable means to attack legal errors made by a trial court; rather, it permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment.").

*Hawken School* at ¶ 35; *see also Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16 (a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal, nor to relitigate an issue that was raised at trial but not challenged on appeal, and the doctrine of res judicata applies to Civ.R. 60(B) motions). "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata." *Kuchta* at ¶ 15, citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944).

{¶ 35} If appellant wished to challenge the legality of the trial court's final judgment, he was required to file a timely direct appeal challenging the February 13, 2017 judgment entered in favor of State Farm. App.R. 4(A)(1) provides that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Appellant did not file the instant appeal until December 3, 2018, after the 30-day time limit for appealing the February 13, 2017 verdict had expired. As this court has routinely recognized, "[i]t is axiomatic that 'a Civ.R. 60(B) motion for relief from judgment may not be used as a substitute for a timely appeal.'" *Crown Auto Sales, Inc. v. Copart of Connecticut, Inc.*, 8th Dist. Cuyahoga No. 104366, 2016-Ohio-7896, ¶ 8, quoting *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus.

{¶ 36} Based on appellant's failure to file a direct appeal challenging the trial court's final judgment, any issues and arguments pertaining to the pretrial proceedings, trial, or the verdict are untimely and not properly before this court for review. Accordingly, these issues and arguments are summarily overruled. The scope of this appeal will be limited to appellant's motion for relief from judgment and the trial court's judgment denying the motion.

### C. Motion for Relief From Judgment

{¶ 37} In order to prevail on a motion for relief from judgment, the moving party must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds

stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 38} This court reviews a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶ 39} In the instant matter, appellant argued in his motion for relief from judgment that he was entitled to relief from judgment pursuant to Civ.R. 60(B)(3) and (5), which provide:

> On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment.

{¶ 40} Initially, we note that in his motion for relief from judgment, appellant summarily asserted that he was entitled to relief under Civ.R. 60(B)(3) and (5) without developing any specific arguments as to why these provisions applied. Appellant's motion devoted one sentence to seeking relief under Civ.R. 60(B)(3) and (5): "[f]or the foregoing reasons, [m]otion [t]o [r]equest [r]elief [f]rom [j]udgment pursuant to 60([B])(3) and 60([B])([5]) should be granted by the court."

{¶ 41} Appellant failed to develop any specific argument seeking relief under Civ.R. 60(B)(3) based on fraud, misrepresentation, or misconduct of State Farm. To the extent that appellant argues that he is entitled to relief under Civ.R. 60(B)(3) because he did not sign the settlement agreement or his signature on the agreement was forged, this is not the type of fraud or misconduct contemplated by Civ.R. 60(B)(3). Rather, Civ.R. 60(B)(3) contemplates fraud or misconduct "*involved in obtaining the judgment*, not fraud or misconduct that would have amounted to a claim or defense in the case itself[.]" (Emphasis added.) *First Merit Bank, NA v. Crouse*, 9th Dist. Lorain No. 06CA008946, 2007-Ohio-2440, ¶ 32.

> With regard to Civ.R. 60(B)(3), "[i]n order to set aside a final judgment for fraud, misrepresentation or other misconduct of the adverse party, the conduct complained of must be such as *prevented the losing party from fully and fairly presenting his case or defense*." Further, the fraud or misconduct referred to in Civ.R. 60(B)(3) is fraud or misconduct material to obtaining the judgment, not fraud or misconduct upon which a claim or defense is based.

(Emphasis added.) *LaSalle Natl. Bank v. Mesas*, 9th Dist. Lorain No. 02CA008028, 2002-Ohio-6117, ¶ 15, quoting *Tower Mgt. Co. v. Barnes*, 8th Dist. Cuyahoga No. 51030, 1986 Ohio App. LEXIS 7788, 8 (Aug. 7, 1986).

{¶ 42} In the instant matter, if appellant did not sign the settlement agreement or if his signature was forged thereon, he could have raised these issues as a defense to State Farm's breach of contract claim at trial. Appellant was not prevented from raising these potential defenses and fully adjudicating them at trial. As noted above, the limited record before this court indicates that appellant acknowledged at trial that he did, in fact, sign the settlement agreement.

{¶ 43} Appellant also failed to develop any specific argument seeking relief under the catchall provision of Civ.R. 60(B)(5). "The catchall provision of Civ.R. 60(B)(5) is not a substitute for another ground for relief." *Underwood v. Durham*, 8th Dist. Cuyahoga No. 106497, 2018-Ohio-2940, ¶ 7, citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983).

{¶ 44} After reviewing appellant's motion for relief from judgment and his appellate brief, it is evident that he raises only one argument that can reasonably be construed as being pertinent to Civ.R. 60(B). Specifically, in his fourth assignment of error, appellant argues that the checks that State Farm presented to the trial court were not admitted into evidence and are not in the record before this court. As a result, appellant argues that his ability to challenge whether he signed the settlement agreement is "significantly damage[d]."

{¶ 45} Appellant argues that State Farm presented the checks at trial in order to demonstrate that appellant's signature on the checks matched his signature on the settlement agreement. Appellant appears to presume that the trial court determined that he did, in fact, sign the settlement agreement after comparing his signature on the agreement to his signatures on the checks. This presumption is unsupported by the record.

{¶ 46} Finally, appellant emphasizes that the checks are not in the record before this court because they were either negligently or inadvertently lost. He appears to contend that the trial court's failure to retain the checks in the record and

failure to mark the checks as exhibits calls into question the court's integrity and impartiality.

{¶ 47} After reviewing the record, we find no merit to appellant's argument pertaining to the checks that were presented at trial. As an initial matter, the correspondence that the trial court sent to this court on April 10, 2019, provided that the trial court could not supplement the record on appeal with the checks that were presented at trial because the checks were not admitted into evidence. Accordingly, we cannot fault the trial court or State Farm for the absence of the checks from our record. Furthermore, without a transcript or App.R. 9(C) statement, we are unable to determine whether appellant objected to the presentation of the checks at trial, or whether appellant requested that the checks be entered into evidence.

{¶ 48} The limited record before this court reflects that the trial court did not conclude that appellant signed the agreement based on a comparison of appellant's signature on the agreement to the signatures on the checks. Rather, the trial court concluded that appellant signed the agreement based, in large part, on (1) appellant's admission at trial that he did, in fact, sign the agreement, and (2) the fact that appellant tendered payments to State Farm pursuant to the terms of the settlement agreement.

{¶ 49} It is evident that appellant improperly attempted to use his Civ.R. 60(B) motion as a substitute for a timely appeal. The "motion requesting delivery of missing documents transferred to the [Eighth] District Court" that appellant filed in the trial court on March 26, 2019, and in this court on April 10, 2019,

demonstrates that appellant is challenging the trial court's verdict, rather than the denial of his motion for relief from judgment. Specifically, appellant asserted that the checks and sample signatures were "essential to determining *whether or not a valid contract exist*[*ed*] *between* [*State Farm*] *and* [*appellant*]." (Emphasis added.) Accordingly, the limited record before this court reflects that appellant filed his Civ.R. 60(B) motion in an attempt to collaterally attack the underlying judgment in favor of State Farm and the facts presented at trial.

{¶ 50} We emphasize again that the arguments that appellant raises in his motion for relief from judgment and his appellate brief pertaining to pretrial proceedings, trial, and the trial court's verdict should have been raised in a direct appeal from the trial court's February 13, 2017 judgment in favor of State Farm. Based on the foregoing analysis, we find that appellant failed to demonstrate that he was entitled to relief under Civ.R. 60(B).

{¶ 51} To the extent that appellant is challenging the trial court's verdict, the evidence submitted by State Farm, whether State Farm established the existence or breach of a contract, or whether the verdict was against the manifest weight of the evidence, these issues should have been raised in a direct appeal from the trial court's verdict. However, as noted above, appellant failed to file a timely appeal challenging the trial court's verdict in favor of State Farm. Rather, appellant improperly attempts to use his Civ.R. 60(B) motion as a substitute for a timely appeal. *See Doe*, 28 Ohio St.3d 128, 502 N.E.2d 605, at paragraph two of the syllabus. "It is axiomatic that 'a Civ.R. 60(B) motion for relief from judgment may

not be used as a substitute for a timely appeal.'" *Crown Auto Sales, Inc.*, 8th Dist. Cuyahoga No. 104366, 2016-Ohio-7896, at ¶ 8, quoting *Doe* at *id.*

{¶ 52} Without a transcript or App.R. 9(C) statement, we are unable to assess whether the evidence presented at trial supported the trial court's verdict. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 20 (in determining whether the civil verdict is supported by the weight of the evidence, this court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving evidentiary conflicts, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered). Furthermore, we have no basis upon which to analyze appellant's assignments of error involving factual disputes. *See Fennell v. DeMichiei*, 8th Dist. Cuyahoga No. 106966, 2019-Ohio-252, ¶ 11 (because appellant failed to file a transcript, this court concluded that it was unable to review appellant's arguments "to the extent they relate to factual disputes.").

{¶ 53} In this case, as a result of the limited record before this court, we are left with the trial court's findings of fact. Accordingly, we must presume regularity of the trial court's proceedings and affirm the trial court's judgment in favor of State Farm. *See State v. Williams*, 8th Dist. Cuyahoga No. 101806, 2015-Ohio-881, ¶ 13.

{¶ 54} For all of the foregoing reasons, we find no basis upon which to conclude that the trial court's judgment denying appellant's motion for relief from judgment was unreasonable, arbitrary, or unconscionable.

## III. Conclusion

{¶ 55} Appellant failed to file a timely appeal challenging the trial court's verdict in favor of State Farm. Appellant failed to file a transcript or an App.R. 9(C) statement of the trial court's proceedings, and as a result, we must presume regularity.

{¶ 56} Appellant failed to demonstrate that he was entitled to relief from judgment under Civ.R. 60(B). As a result, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment.

{¶ 57} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR