[Cite as *Rocky River v. Sanford El*, 2023-Ohio-4534.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF ROCKY RIVER,                    :

    Plaintiff-Appellee,               :

                                         No. 112484

    v.                                :

CRYEE S. SANFORD EL,                    :

    Defendant-Appellant.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 14, 2023

---

Criminal Appeal from the Rocky River Municipal Court
Case No. 22 TRP 4672

---

### *Appearances:*

A. Steven Dever, City of Rocky River Prosecutor, *for appellee.*

Cryee S. Sanford El, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Cryee Sanford El ("appellant"), pro se, appeals from the February 7, 2023 judgment of the Rocky River Municipal Court finding her guilty of Rocky River Codified Ordinances 351.04(f), a minor misdemeanor. For the reasons set forth below, we affirm.

{¶ 2} On October 1, 2022, appellant was cited by the Rocky River police for a violation of parking in a handicapped parking zone under Rocky River Codified Ordinances 351.04(f).[1] The matter proceeded to a bench trial in February 2023. The trial court found appellant guilty and sentenced her to a $200 fine. Appellant now appeals and presents, verbatim, the following assignment of error:

> I researching this rule in regards to contract law, presentments, and offers[.] Because in the case before you, the issue comes in because the Rocky River Municipal Court is not following those laws, therefore not staying in Honor[.]

Appellant's Brief, p. 2.

{¶ 3} Within this assignment of error, appellant references, without any cogent argument, various alleged legal theories and areas of practices she believes support her claim that her ticket was cancelled within 72 hours presumably of its

---

[1]Rocky River Codified Ordinances 351.04(f) provides that

[n]o person shall stop, stand or park any motor vehicle at special parking locations provided under subsection (e) hereof, or at special clearly marked parking locations provided in or on privately owned parking lots, parking garages, or other parking areas and designated in accordance with subsection (e) hereof, unless one of the following applies:

A. The motor vehicle is being operated by or for the transport of a person with a disability that limits or impairs the ability to walk and is displaying a valid removable windshield placard or special license plates;

B. The motor vehicle is being operated by or for the transport of a handicapped person and is displaying a parking card or special handicapped license plates.

Rocky River Codified Ordinances 351.04(f)(1)(A) and (B).

issuance. Those theories and areas of practice include contract law, "truth and lending regulation Z," "72 hour rule for refusal," and "the 20 maxims of equity."

{¶ 4} App.R. 16(A)(7) states that the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." This rule is designed "to aid the reviewing court in determining whether any reversible error occurred in the lower court by having the complaining party specify the exact location(s) where such a determination can be made." *Hildreth Mfg. v. Semco, Inc.*, 151 Ohio App.3d 693, 2003-Ohio-741, 785 N.E.2d 774, ¶ 32 (3d Dist.). We are not obliged to scour the record in search of evidence to support an appellant's assignment of error. *Nob Hill E. Condo. Assn. v. Grundstein*, 8th Dist. Cuyahoga No. 95919, 2011-Ohio-2552, ¶ 11. Nor is it our duty to search for law in support of an appellant's argument on appeal. *Strauss v. Strauss*, 8th Dist. Cuyahoga No. 95377, 2011-Ohio-3831, ¶ 72.

{¶ 5} Appellant's brief does not comport with the requirements set forth in App.R. 16(A)(7). Appellant's arguments are bare allegations unsupported by references to the record, and her cited legal authority is mostly unconnected to the record.[2] Moreover, appellant has failed to make the transcript of the bench trial part

---

[2] Although appellant has not provided any argument in support of her contention that the ticket was in violation of the 72-hour rule, we note that the subject municipal ordinances provide that "[i]f a person is charged with a violation of subsection (f)(1) of this section, it is an affirmative defense to the charge that the person suffered an injury not more than seventy-two hours prior to the time the person was issued the ticket or

of the record. It is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the trial court's decision. App.R. 9; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.*, *citing State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). Appellant's failure to comply with App.R. 9 and her failure to fulfill her duty to file the parts of the transcript that are necessary to enable this court to evaluate the trial court's judgment cannot be excused on the basis that she is acting pro se. *State Farm Mut. Auto. Ins. Co. v. Williams*, 8th Dist. Cuyahoga No. 107951, 2019-Ohio-4059, ¶ 31.

{¶ 6} Without the filing of a transcript (or a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement under App.R. 9(D)), this court must presume regularity in the trial court's proceedings. *Knapp* at *id.* ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."). This means that we must "presume that the trial court considered all the evidence and arguments raised" and that sufficient evidence was presented to support the trial court's decision. *Miranda v. Saratoga Diagnostics*, 2012-Ohio-2633, 972 N.E.2d 145, ¶ 26 (8th Dist.); *Bartko v. Bartko*,

citation and that, because of the injury, the person meets at least one of the criteria contained in Ohio R.C. 4503.44(A)(1)." Rocky River Codified Ordinances 351.04(f)(3).

8th Dist. Cuyahoga No. 109272, 2020-Ohio-4302, ¶ 15, citing *Bakhtiar v. Saghafi*, 2016-Ohio-8052, 75 N.E.3d 801, ¶ 3 (8th Dist.) ("In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision.").

{¶ 7} Appellant's failure to (1) provide any cogent argument in support of her assignment of error, (2) cite to the record, (3) provide relevant legal authority, and (4) make the transcript part of the record renders her assignment of error beyond our consideration.

{¶ 8} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the Rocky River Municipal Court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHAEL JOHN RYAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR