[Cite as *In re G.C.B.*, 2024-Ohio-74.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| IN RE G.C.B. | : | |
| | : | No. 112941 |
| A Minor Child | : | |
| | : | |
| [Appeal by M.D.B., Father] | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 11, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA-22-205737

### *Appearances:*

M.D.B., *pro se*.

MARY J. BOYLE, J.:

{¶ 1} In this appeal, plaintiff-appellant, M.D.B. ("Father"), pro se, appeals the juvenile trial court's June 26, 2023 order raising a single assignment of error for our review:

1. Appellants judgment entry from the trial court was in violation of appellants due process to a fair trial under law.

For the reasons set forth below, we affirm the trial court's judgment.

{¶ 2} C.T.M. ("Mother") and M.D.B. are the natural mother and father of G.C.B. and A.A.B., twin boys, d.o.b. 11/08/2016.

{¶ 3} According to Exhibit A attached to the trial court's June 26, 2023 order, an evidentiary hearing was held on June 13, 2023, regarding:

1. Father's complaint or Motion to Adopt the Administrative Child Support Order as a Judicial Order. (Father attached to his motion or complaint the corrected Administrative Order for Child Support and Medical Support modified on August 9, 2018, the effective date was July 1, 2018, the amount was Three hundred Seventy-Seven Dollars and Eighty-Nine Dollars [377.89] per child.) The motion/complaint was filed June 6, 2022;

2. Father's Motion to Terminate Child Support filed on June 6, 2022;

3. Father's pleading for special appearance;

4. Mother's Motion to Show Cause (interference with parenting time or contact); and

5. Mother's Motion of July 25, 2022, to Modify the Shared Parenting Plan of June 3, 2022.

{¶ 4} The matter was transferred to the visiting/retired judge's docket on January 24, 2023.

{¶ 5} Father opposed the visiting/retired judge assignment at the March pretrial and at the June hearing because Father claimed that he had not consented to a retired judge sitting by assignment to hear these matters and that his right to due process was being violated.

{¶ 6} Father also filed three affidavits for disqualification of this judge with the Ohio Supreme Court in March, April, and May 2023. Finding no merit, all three were dismissed by the Ohio Supreme Court. Father also filed a motion for change

of venue, citing a federal statute, that was denied by the trial court on April 28, 2023. Father appealed this order, which was dismissed by this court as not being a final appealable order.

{¶ 7} The trial court in its March and June pretrial judgment entries ordered Mother and Father to produce within 14 days of the June hearing certain financial and insurance documents, including tax returns, W-2's, proof of income, and proof of insurance, etc.

{¶ 8} Father, Mother, and Assistant Prosecuting Attorney Paul Carroll from the Child Support Enforcement Agency appeared at the June hearing wherein Mother testified in support of her motions as well as in opposition to Father's motions. The trial court also found that Mother complied with its pretrial orders and produced documents wherein Father did not. Father produced no documents.

{¶ 9} According to the trial court, Father was offered the opportunity to:

a. Make an opening statement
b. Cross-examine witnesses
c. Call witnesses
d. Object to exhibits
e. Present his case
f. Make a closing argument
g. Answer questions from the Court.

{¶ 10} However, Father chose not to participate and repeatedly stated that the court had no jurisdiction, that he had entered a special appearance, that the judge had no authority to hear the motions, that he did not consent to a visiting/retired judge, and that he was being denied due process and a fair trial. Mother's Exhibits A, B, C, D, E, and F were admitted into evidence.

{¶ 11} Following the evidentiary hearing, the trial court on June 26, 2023, issued a detailed journal entry finding that "Mother has shown a change of circumstances. Father's continued non-cooperation, threats, and failure to respond makes such modification necessary and in the best interests of G.C.B and A.A.B." As a result, the court denied Father's motions for failure to prosecute and adopted the Mediation Agreement ("Parenting Plan") dated June 3, 2022, as modified; kept the Administrative Order for Child Support and Medical Support of August 9, 2018, in full force and effect; and found Father guilty of contempt for interfering with Mother's parenting time, ordering a separate hearing be scheduled for sanctions. Father timely appeals.

{¶ 12} In his sole assignment of error, Father alleges that the trial court entered the June 2023 order in violation of the Fifth Amendment of the U.S. Constitution, by failing to grant Father the right to have his matters heard in the proper venue. In support of his assigned error, Father next states, "Evidence: United States Constitution, Fifth Amendment. The Fifth Amendment says to the federal government that no one shall be 'deprived of life, liberty, or property without due process of law.'" Father then asks this court to reverse the judgment entry because of the "willful violations of the United States Constitution, Fifth Amendment because the trial court was in receipt of his timely filed objections and facts of law applied." It appears that Father is arguing that his objections to earlier proceedings and rulings made by the court were not heard, that the trial court did not have jurisdiction to hear matters pending before it at the June hearing, that the trial court

prevented him from speaking, and that the trial court "showed bias and unlawful behavior toward him" in its determinations. For these reasons, Father asks this court "to reverse the trial court's decision and remand the matter for a new trial." No appellee brief was filed. No transcripts were filed.

{¶ 13} Father is proceeding pro se, and under Ohio Law, all litigants, including those who are pro se, are held to the same standard and must be held accountable for the rules of civil procedure and for their own mistakes. *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 29, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E. 2d 171 (8th Dist.1996).

{¶ 14} Within this assignment of error, appellant argues, without any cogent argument or sufficient explanation, that he was denied due process and a fair trial and that he was not heard by the trial court. He continues to maintain, without any legal authority, that the trial court was not qualified to hear these matters, even though the Ohio Supreme Court has denied his requests three times, issuing three separate opinions explaining its rulings.

{¶ 15} App.R. 16(A)(7) states that the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." This rule is designed "to aid the reviewing court in determining whether any reversible error occurred in the lower court by having the complaining party specify the exact location(s) where such a determination can be

made." *Hildreth Mfg. v. Semco, Inc.*, 151 Ohio App.3d 693, 2003-Ohio-741, 785 N.E.2d 774, ¶ 32 (3d Dist.). We are not obliged to scour the record in search of evidence to support an appellant's assignment of error. *Nob Hill E. Condo. Assn. v. Grundstein*, 8th Dist. Cuyahoga No. 95919, 2011-Ohio-2552, ¶ 11. Nor is it our duty to search for law in support of an appellant's argument on appeal. *Strauss v. Strauss*, 8th Dist. Cuyahoga No. 95377, 2011-Ohio-3831, ¶ 72. The appellant's brief does not comport with the requirements set forth in App.R. 16(A)(7). Appellant's arguments are bare allegations unsupported by references to the record, and his reference to a United States constitutional violation is mostly unconnected to the record especially since he requests a change of venue to the federal court without any legal support and then concludes his brief with a request that the matter be returned to the same juvenile court for a new trial. Again, without providing any legal support for Father's request.

{¶ 16} He further believes that he entered only a "special appearance" for the sole purpose of objecting to the jurisdiction of the trial court yet complains that his motions, objections, and matters before the court have not been heard. Moreover, appellant has failed to prepare and file any transcript of any proceedings at which he now complains of not being heard. It is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the trial court's decision. App.R. 9; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.*, citing *State v. Skaggs*, 53

Ohio St.2d 162, 372 N.E.2d 1355 (1978). Appellant's failure to comply with App.R. 9 and his failure to fulfill his duty to file the parts of the transcript that are necessary to enable this court to evaluate the trial court's judgment cannot be excused on the basis that he is acting pro se. *State Farm Mut. Auto. Ins. Co. v. Williams*, 8th Dist. Cuyahoga No. 107951, 2019-Ohio-4059, ¶ 31. Without the filing of a transcript (or a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement under App.R. 9(D)), this court must presume regularity in the trial court's proceedings. *Knapp* at *id.* ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."). This means that we must "presume that the trial court considered all the evidence and arguments raised" and that sufficient evidence was presented to support the trial court's decision. *Bakhtiar v. Saghafi*, 2016-Ohio-8052, 75 N.E.3d 801, ¶ 3 (8th Dist.) ("In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision."). Appellant's failure to (1) provide any cogent argument in support of his assignment of error, (2) cite to the record, (3) provide relevant legal authority, and (4) make the transcript part of the record renders his assignment of error beyond our consideration. We must accept the trial court's findings that Father, due to his own conduct, failed to participate in the proceedings,

failed to present any evidence, and, without legal authority, repeatedly argues constitutional violations and asks for a do over.

{¶ 17} Finding no error by the trial court, we affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
SEAN C. GALLAGHER, J., CONCUR