[Cite as *Davis v. JLW Constr. Group, L.L.C.*, 2025-Ohio-5049.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

APRIL DAVIS,                                   :

      Plaintiff-Appellant,           :

      v.                             :

No. 115033

JLW CONSTRUCTION GROUP, LLC,     :

      Defendant-Appellee.            :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 6, 2025

Civil Appeal from the Garfield Heights Municipal Court
Case No. CVI2503469

***Appearances:***

April Davis, *pro se.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} April Davis ("Davis") appeals from the decision of the Garfield Heights Municipal Court, which granted judgment in favor of the defendant JLW Construction Group LLC.

{¶ 2} Davis filed a complaint in the Small Claims Division of the Garfield Heights Municipal Court on January 30, 2025, in which she claimed, "Contractor fail to finish the job inspection fall."

{¶ 3} Trial was conducted before a magistrate judge on February 25, 2025, with both parties present. On February 26, 2025, the magistrate issued a decision which stated, "Upon sworn testimony and evidence presented, judgment is granted in favor of Defendant and against Plaintiff and this matter is dismissed with prejudice at Plaintiff's costs."

{¶ 4} No requests for findings of fact and conclusions of law pursuant to Civ.R. 53(D) were made nor were any objections to the magistrate's decision filed.

{¶ 5} The trial court, on April 23, 2025, adopted the magistrate's decision. It is from this order that Davis now appeals, raising one assignment of error for our review:

> The decision of Garfield Heights Municipal contains significant legal error, including granting the judgment on behalf of the Defendant JLW Construction Group LLC by unfairly awarding a judgment that Garfield Heights City Building inspector failed the construction concrete job.

{¶ 6} It is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the lower court's decision. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.*, citing *State v. Skaggs*, 53 Ohio St.2d 162 (1978).[1] Without the filing

---

[1] We note that Davis' failure to comply with App.R. 9 and her failure to fulfill her duty to file the parts of the transcript that are necessary to enable this court to evaluate the municipal court's judgment cannot be excused on the basis that she is acting pro se. *State Farm Mut. Auto. Ins. Co. v. Williams*, 2019-Ohio-4059, ¶ 31 (8th Dist.). ""It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."" *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478,

of a transcript (or a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement under App.R. 9(D)), this court must presume regularity in the municipal court's proceedings. *Knapp* at 199.

{¶ 7} Appellant has failed to provide to this court a transcript of the trial court proceedings in this case.

{¶ 8} As the *Knapp* Court stated, "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon, and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."

{¶ 9} Appellant's assignment of error is overruled.

{¶ 10} Judgment is affirmed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., and
EILEEN T. GALLAGHER, J., CONCUR

---

¶ 22, quoting *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001).