[Cite as *Richmond Hts. v. Turner*, 2025-Ohio-5347.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF RICHMOND HEIGHTS,     :

      Plaintiff-Appellee,       :

      v.                                No. 114920

ROBERT L. TURNER, ET AL.,       :

      Defendants-Appellants.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 26, 2025

---

Civil Appeal from the Lyndhurst Municipal Court
Case No. CVI2202385

---

### *Appearances:*

Brittany D. Caraballo, Amber E. Greenleaf Duber and Stacie Hackel Snow, *for appellee.*

Robert L. Turner, *pro se.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Robert L. Turner ("Turner") appeals from the decision of the Lyndhurst Municipal Court which granted judgment in favor of the plaintiff, City of Richmond Heights ("the City").

{¶ 2} The City filed a complaint in the Small Claims Division of the Lyndhurst Municipal Court for unpaid municipal income taxes due and owing from Turner and LaTanya Turner.

{¶ 3} Trial was conducted before a magistrate judge on January 15, 2025 with both parties present. On January 23, 2025, the magistrate issued a decision which stated, "Upon sworn testimony and the evidence, judgment is rendered in favor of Plaintiff, and against Defendants, jointly and severally, in the amount of $2,385.75, plus interest at 8% from the date of judgment and costs of the instant action."

{¶ 4} Turner did file objections to the magistrate's decision pursuant to Civ.R. 53(D) to which the City responded in opposition to the objections.

{¶ 5} On February 18, 2025, the trial court issued a judgment entry as follows:

> After independent review of the Magistrate's Decision, Defendants Objections thereto and Plaintiff's Brief in Opposition to Defendant's Objections and the documentation provided by Defendants on 2/11/25, this Court finds that Defendants' objections are not well-taken and are overruled. The Magistrate's Decision of 1/23/2025, therefore, is adopted. Judgment is hereby entered in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $2,284.75, together with interest in the amount of 8% per annum from the date of judgment and the costs of this action.

{¶ 6} It is from this order that Turner now appeals, raising the following assignments of error for our review:

> I. The trial court erred by failing to require evidence that Appellee have any authority to file municipal taxes on behalf of Appellants.

II. The trial court erred in not requiring evidence from the Appellee that it had standing to bring suit though, the Appellants challenged its jurisdiction to determine the Appellee's authority before and during trial.

III. The trial court erred in not abiding by the United States Bankruptcy code of protection. It did not consider the protection laws that Appellant had during the entirely of the trial.

IV. The Plaintiff lacks standing because neither party has entered into any oral or written contract that obligates compliance with state or municipal law.

V. No contract exists that would entitle either party to an equity claim or a negotiable instrument against the Appellant.

VI. The trial court failed to address whether the Appellee had standing to file suit, particularly regarding: Appellants' claims of a lack of jurisdiction, the absence of evidence assigning authority to the City of Richmond Heights or to its "Administrator" (i.e., the Regional Income Tax Agency, R.I.T.A.) to file taxes on the Appellants' behalf, Although the Tax Administrator for the City of Richmond Heights (R.I.T.A.) stated both before and during trial that it had the authority to file taxes on behalf of the Appellants, the trial court did not resolve whether such authority exists;

VII. There is insufficient evidence that any municipality, local government, debt collection agency, or other entity has the statutory or delegated authority to file taxes on behalf of any taxpayer under the Ohio Revised Code or any other federal law.

{¶ 7} It is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the lower court's decision. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in

the record." *Id.*, citing *State v. Skaggs*, 53 Ohio St.2d 162 (1978).[1] Without the filing of a transcript (or a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement under App.R. 9(D)), this court must presume regularity in the municipal court's proceedings. *Knapp* at 199.

{¶ 8} Appellant has failed to provide to this court a transcript of the trial court proceedings in this case.

{¶ 9} As the *Knapp* Court stated, "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon, and, thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.* at 199.

{¶ 10} Appellant's assignments of error are overruled.

{¶ 11} We do note that Turner, a pro se litigant, represented only himself in this appeal and not the codefendant, LaTanya Turner. Irrespective of this appeal and its outcome, the judgment in this case was a joint and several judgment for which both Robert L. Turner and LaTanya Turner are responsible.

{¶ 12} Judgment is affirmed.

---

[1] We note that Turner's failure to comply with App.R. 9 and his failure to fulfill his duty to file the parts of the transcript that are necessary to enable this court to evaluate the municipal court's judgment cannot be excused on the basis that he is acting pro se. *State Farm Mut. Auto. Ins. Co. v. Williams*, 2019-Ohio-4059, ¶ 31 (8th Dist.). ""It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."" *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22, quoting *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001).

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MICHAEL JOHN RYAN, J., and
DEENA R. CALABRESE, J., CONCUR