[Cite as *Am. Express Natl. Bank v. Reynolds*, 2025-Ohio-4470.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

AMERICAN EXPRESS NATIONAL
BANK, ET AL.,                                       :

      Plaintiffs-Appellees,            :

                                          No. 114794

      v.                                              :

TAYLIN REYNOLDS, ET AL.,                :

      Defendants-Appellants.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 25, 2025

---

Civil Appeal from the Lyndhurst Municipal Court
Case No. 24CVF00395

---

### *Appearances:*

Zwicker & Associates, P.C., Michelle L. Hatfield, Kirsten
R. Armstrong, Caroline Z. Louderback, James P.
McGowan, Robert G. Williams, and Diane Huff, *for
appellee* American Express National Bank.

Taylin D. Reynolds, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Taylin Reynolds ("Reynolds"), pro se, appeals
the municipal court's denial of her motion to void default judgment. Our ability to

review Reynolds's assignments of error, however, is limited because we have no transcript of the proceedings below. Thus, for the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} The instant case arises from a breach-of-contract action by plaintiff-appellee American Express National Bank ("American Express") against Reynolds and codefendant Afuture Promised Inc. ("Afuture") filed in March 2024 in the Lyndhurst Municipal Court.[1] In its complaint, American Express alleges that Reynolds and Afuture had a credit account with American Express that they defaulted on in the amount of $3,169.27.

{¶ 3} Reynolds was served by personal service in May 2024. According to the docket, Reynolds never filed an answer to the complaint. As a result, American Express filed a motion for default judgment in August 2024, which was granted by the municipal court on October 1, 2024. The court awarded a judgment against Reynolds in the amount of $3,545.50. Reynolds did not appeal from this judgment. Instead, on October 25, 2024, Reynolds, pro se, filed a motion to void default judgment and a motion for leave to file an answer to the complaint in the Lyndhurst Municipal Court. Reynolds argued, in both motions, that she was never served with the complaint.

{¶ 4} The matter proceeded to a hearing before a magistrate on Reynolds's motions in November 2024. Following the conclusion of the hearing, the magistrate

---

[1] We note that Afuture did not challenge the judgment at the municipal court and has not filed an appeal to this court as of the writing of this opinion.

denied Reynolds's motions and determined that default judgment was proper. Thereafter, Reynolds filed pro se objections to the magistrate's decision. Along with her objections, Reynolds included a "motion to reverse that decision." Reynolds did not include a transcript of the proceedings with her objections, nor did she offer any new evidence challenging service. On January 14, 2025, the municipal court overruled Reynolds's objections and adopted the magistrate's decision denying Reynolds's motion to void default judgment and motion for leave to file an answer to the complaint.

{¶ 5} It is from this order that Reynolds now appeals, raising the following three assignments of error for our review:

**Assignment of Error I:** The trial court erred in entering the final judgment, as it has deprived [Reynolds's] of [her] substantive right to due process of law.

**Assignment of Error II:** The trial court erred by entering the final judgment, as doing so has exceeded the scope of its jurisdiction.

**Assignment of Error III:** The trial court erred in entering the final judgment, as it has resulted from arbitrary, capricious, and malicious or biased actions by the Lyndhurst officers.

## II. Law and Analysis

{¶ 6} Within these assigned errors, Reynolds challenges the denial of her motion to void default judgment. American Express, however, contends that Reynolds failed to comply with the Appellate Rules by not providing a transcript of the hearing on her motion to void default judgment. Without a transcript, American Express contends that this court should presume regularity and affirm the municipal court's judgment. We agree.

**{¶ 7}** In the instant case, Reynolds essentially argues that her due-process rights were violated because she was not afforded a trial, she challenges the jurisdiction of the municipal court to issue the default judgment because of the "lack of service," and she contends that the magistrate was biased in rendering her decision. Reynolds, however, failed to include a transcript of the hearing on her motion to void judgment.

**{¶ 8}** Under App.R. 9, it is the appellant's duty to file the transcript or any parts of the transcript that are necessary for evaluating the lower court's decision. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.*, citing *State v. Skaggs*, 53 Ohio St.2d 162 (1978).[2] Without the filing of a transcript (or a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement under App.R. 9(D)), this court must presume regularity in the municipal court's proceedings. *Knapp* at 199.

**{¶ 9}** As the *Knapp* Court stated, "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, as to those assigned errors, the

---

[2] We note that Reynolds's failure to comply with App.R. 9 and her failure to fulfill her duty to file the parts of the transcript that are necessary to enable this court to evaluate the municipal court's judgment cannot be excused on the basis that she is acting pro se. *State Farm Mut. Auto. Ins. Co. v. Williams*, 2019-Ohio-4059, ¶ 31 (8th Dist.). "'"It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."'" *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22, quoting *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001).

court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.* This means that we must "'presume that the trial court considered all the evidence and arguments raised'" and that sufficient evidence was presented to support the trial court's decision. *In re G.C.B.*, 2024-Ohio-74, ¶ 16 (8th Dist.), quoting *Bakhtiar v. Saghafi*, 2016-Ohio-8052, ¶ 3 (8th Dist.) ("'In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision.'"). Thus, based on the limited record before us, we must presume that the municipal court considered all the evidence and arguments raised and that sufficient evidence was presented to support the court's decision.

{¶ 10} Moreover, to the extent that Reynolds directly attacks the merits of the default judgment issued in October 2024, we note that this attempt is untimely and we decline to address it. Under App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Here, the municipal court granted default judgment against Reynolds (a final appealable order) on October 1, 2024. As a result, Reynolds was required, under App.R. 4, to file her notice of appeal of this order on or before October 31, 2024. Reynolds did not file a notice of appeal from the judgment entry granting default judgment. Rather, she filed her notice of appeal from the court's denial of her motion to void default judgment in January 2025, which is well outside the 30-day window set forth in App.R. 4(A).

{¶ 11} Therefore, the first, second, and third assignments of error are overruled.

{¶ 12} Judgment is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
DEENA R. CALABRESE, J., CONCUR