[Cite as *Mayfair Village Condominium Owners Assn., Inc. v. Grynko*, 2013-Ohio-2100.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99264**

# MAYFAIR VILLAGE CONDOMINIUM OWNERS ASSOCIATION, INC., ET AL.

PLAINTIFFS-APPELLEES

vs.

# AURIKA A. GRYNKO, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CP CV-657359

**BEFORE:** Rocco, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 23, 2013

**FOR APPELLANT**

Aurika A. Grynko, pro se
c/o 1148 Morning Glory Drive
Macedonia, Ohio 44056

**ATTORNEYS FOR APPELLEES**

Kevin M. Fields
Robert E. Kmiecik
Kaman & Cusimano, LLC
50 Public Square
Suite 2000
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} In this accelerated appeal, pro se defendant-appellant Aurika Grynko ("Grynko") appeals from the trial court's entry of default judgment against her and in favor of plaintiff-appellee Mayfair Village Condominium Owners Association, Inc. ("Mayfair"). We decline to address Grynko's appeal, because she has failed to file a brief that conforms with the Rules of Appellate Procedure. Accordingly, we are unable to adequately assess her assignments of error, and we affirm the trial court's final judgment.

{¶2} Mayfair filed a complaint in foreclosure against Grynko on April 21, 2008, on the property located at 1736 Wagar Road, Unit 204-A, Rocky River, Ohio ("the property").[1] On July 23, 2008, Mayfair filed a motion for default judgment. The default hearing took place on September 30, 2008. The docket reflects that although Grynko appeared at the hearing, she had not filed an answer to Mayfair's complaint. The trial court granted Mayfair's motion for default judgment on October 1, 2008, but the case was then referred to the court's foreclosure mediation program. The parties were unable to reach an agreement at mediation, and the file was returned to the foreclosure magistrate for further proceedings.

---

[1]Although other parties were named as defendants in the foreclosure action, Grynko is the sole appellant in this case.

{¶3} The magistrate's decision that was adopted by the trial court on May 29, 2009, determined that Mayfair's motion for default judgment was well taken. The trial court determined that all parties had been properly served, but that Grynko had failed to file an answer, a motion, or any other responsive pleading. Accordingly, Grynko had admitted the allegations in the complaint to be true, and the trial court granted Mayfair's motion for default judgment. The property was sold at a sheriff's sale on September 20, 2010.

{¶4} In order to collect on its judgment, Mayfair also filed a notice of garnishment of Grynko on September 17, 2012. On October 15, 2012, Grynko filed a motion to release garnishment funds, which the trial court presumptively denied.[2] On November 9, 2012, Grynko filed a motion to set aside default judgment. The trial court denied Grynko's motion on November 12, 2012, determining that Grynko's motion did not comply with Civ.R. 60(B) and was not filed within a reasonable amount of time. Grynko filed her notice of appeal. Mayfair filed in this court a notice of intent not to file an appellate brief or to participate in oral argument. Grynko's assignments of error are as follows:

> I. The trial court erred in entering default judgment against an incompetent person without a guardian or representative. The conditions to enter default judgment were not satisfied.

---

[2]Although the trial court never ruled on the motion, if a motion is not expressly decided by the trial court when the case has concluded, the motion is presumed to have been denied. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 13.

II. The trial court erred in adopting the proposed magistrate decision composed by plaintiff's attorney who did not assert any legal matters in it.

III. The trial court failed to acknowledge that Grynko's language barriers prevented her from comprehending the proceedings and the trial court ignored communication with Grynko.

IV. By adopting the proposed magistrate decision, the trial court violated R.C. 2329.66, 15 U.S.C. 1692, and R.C. Ch. 5311.

V. The trial court violated Grynko's right to due process because it did not conduct an accounting or determine the amount of damages, nor did it establish the truth of any allegations nor conduct an investigation.

VI. Grynko did not receive the notice of entry of judgment nor the trial court's order denying the motion to set aside judgment. The trial court has ignored Grynko's presence throughout the case.

VII. The trial court erred in failing to find fraud upon the court by the plaintiff's attorney.

**{¶5}** We start by noting that although Grynko elected to file her appeal on the accelerated calendar, the brief that she filed in this court thwarts the intent behind the accelerated docket. App.R. 11.1(A) provides that the purpose of the accelerated calendar is "to provide a means to eliminate delay and unnecessary expense in effecting a just decision on appeal by the recognition that some cases do not require as extensive or time consuming procedure as others." But Grynko's brief contains seven assignments of error, implying that she believes that this appeal is extensive and time consuming.

**{¶6}** Nonetheless, we decline to address these assignments of error, as Grynko has failed to file a brief conforming with the Rules of Appellate Procedure. App.R. 11.1(C) directs that appellate briefs must comply with the form specified by App.R. 16. App.R. 16(A)(7) states that the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." This rule is designed "to aid the reviewing court in determining whether any reversible error occurred in the lower court by having the complaining party specify the exact location(s) where such a determination can be made." *Hildreth Mfg. v. Semco, Inc.*, 151 Ohio App.3d 693, 2003-Ohio-741, 785 N.E.2d 774, ¶ 32 (3d Dist.). We are not obliged to scour the record in search of evidence to support an appellant's assignment of error. *Nob Hill E. Condo. Assn. v. Grundstein*, 8th Dist. No. 95919, 2011-Ohio-2552, ¶ 11. Nor is it our duty to search for law in support of an appellant's argument on appeal. *Strauss v. Strauss*, 8th Dist. No. 95377, 2011-Ohio-3831, ¶ 72.

**{¶7}** Grynko's brief does not comport with the requirements set forth in App.R. 16(A)(7). First, Grynko's argument section does not separately address the assignments of error, and, and a result, it is impossible for us to determine which arguments are supposed to correspond with which assignment of error. Second, Grynko's arguments are unsupported by references to the record, instead relying on bare allegations.

{¶8} Finally, in the few places where Grynko cites to legal authority, it is completely unconnected to the record or to the issues she raises on appeal.[3] In her argument section, Grynko cites to a federal rule of civil procedure and to the Thirteenth Amendment to the United States Constitution, which pertains to the abolition of slavery ("Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."). Neither of these citations is germane to the points made in her assignments of error, and neither legal citation is connected to the record on appeal.

{¶9} Similarly, Grynko cites to 15 U.S.C. 1692, the Fair Debt Collection Practices Act, but she fails to make any nexus between this statute and the record from the court below. Grynko alleges that she was taken advantage of by the plaintiff, who made false financial statements, but she points to nothing in the record that furthers this claim. The only other legal citation in Grynko's argument section refers to R.C. 5311.18, a provision governing liens for unpaid common expenses for condominium properties. Again, Grynko fails to explain how this provision supports her argument that Mayfair's attorney perpetrated a fraud on the court. She further fails to support her fraud argument with any record citation, and, instead, indulges in baseless accusations.

---

[3]Further confusing matters, Grynko's brief is out of order, does not contain a statement of the issues, and does not adequately address the proceedings below in her statement of the case. *See* App.R. 16(A), (A)(4), (A)(5).

**{¶10}** Grynko's failure to link her argument to the assignments of error, failure to cite to the record, and failure to provide relevant legal authority, renders her assignments of error beyond our consideration.

**{¶11}** The trial court's judgment is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR

#99264
Key Summary Words
The court declined to address appellant's assignments of error as appellant's brief did not conform to the requirements set forth in App.R. 16(A)(7).