[Cite as *Teague v. Carter*, 2025-Ohio-2528.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KARLA TEAGUE,                                             :

    Plaintiff-Appellant,                          :

                          No. 114573

    v.                                                       :

CASSANDRA CARTER, ET AL.,                          :

    Defendants-Appellees.                         :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 17, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-22-963090 and CV-22-963684

### *Appearances:*

Shaut Monah Law, LPA and Michael Shaut, *for appellant*.

Cassandra Carter, *pro se*.

EMANUELLA D. GROVES, P.J.:

{¶ 1} Appellant Karla Teague ("Teague") appeals from the judgment of the trial court granting relief to appellee, Cassandra Carter ("Carter"), in her forcible entry and detainer action. For the reasons that follow, we affirm the trial court's decision.

**Factual and Procedural History**

{¶ 2} Teague did not provide transcripts of the trial or the subsequent hearing on her motion for new trial for this case. Therefore, the facts detailed herein are gathered from the parties' pleadings and the trial court's dockets.

{¶ 3} This case commenced in the Cleveland Heights Municipal Court (the "municipal court case") when Carter, pro se, filed a forcible entry and detainer action against Teague on March 25, 2022. In her complaint, Carter alleged that she was the owner of 3649 Fenley Road in Cleveland Heights (the "Property") and that Teague was the renter of the Property pursuant to an oral rental agreement and a "text agreement." Carter alleged that she was filing the action because of nonpayment of rent and a promissory note. She further alleged that Teague failed to pay rent for an unspecified number of months and had not paid property taxes through January 1, 2022. In addition, Carter sought $5,000 in damages for unspecified property damage and the cost of movers to remove Teague's personal property. She also sought damages of $40,000 and $1,100 per month for each month after the filing of her complaint.

{¶ 4} Teague through counsel subsequently filed a motion to dismiss the complaint alleging in part that Carter fraudulently transferred the Property into her name. Teague claimed she was the rightful owner of the property and denied preparing or signing the deed or transferring the Property to Carter. In fact, Teague alleged that her signature was forged. She further alleged that she learned of the Property's transfer on March 2, 2022, and that she filed an affidavit with the

Cuyahoga County Recorder's Office on March 7, 2022, disputing the change in ownership.

{¶ 5} Teague filed an answer to the complaint and counterclaimed for slander of title requesting damages in excess of $25,000, punitive damages in excess of $25,000, and reasonable attorney fees.

{¶ 6} On May 6, 2022, Teague filed a complaint in the Cuyahoga County Court of Common Pleas ("Common Pleas Court") under Cuyahoga C.P. No. CV-22-963090 (the "Quiet Title case") against Carter, the unknown spouse of Carter, and Sherrie Davis ("Davis"). In it, Teague raised claims for quiet title and slander of title. Teague repeated her claim that Carter had fraudulently signed her name on the Property's deed. She also alleged that Davis, the deed's notary public, participated in fraud when she notarized the deed with Teague's signature.

{¶ 7} In the municipal court case, Teague subsequently filed a motion to stay the proceedings pending determination of the Property's owner. On May 11, 2022, the municipal court noted that Teague's counterclaim exceeded the court's monetary jurisdiction and further ordered, that upon payment of the required filing fee by Teague, the court would transfer the case to the Common Pleas Court for further proceedings.

{¶ 8} On May 20, 2022, Carter's case was transferred to the Common Pleas Court under Cuyahoga No. CV-22-963684 (the "FED case"). Teague subsequently filed a motion to transfer the FED case to the docket of the judge handling the Quiet Title case, because the cases involved the same parties, property, and issues. The

trial court denied the motion, noting that it could not grant the motion at that time because counsel for Teague had failed to file a similar motion in the Quiet Title case as required in Cuyahoga C.P. Gen.Div. Loc.R. 15(H). On July 5, 2022, Teague filed the same motion in the Quiet Title case. The trial court granted the motions to consolidate the cases and docketed the ruling in both cases on July 22, 2022. The consolidated cases were then assigned to a magistrate for review.

{¶ 9} In the interim, Carter filed a motion to dismiss the Quiet Title case, which was denied. She subsequently filed an answer and counterclaim on July 7, 2022. Carter attached a copy of the promissory note to her answer. The promissory note was dated July 10, 2013, and bore the signatures of both Carter and Teague, albeit using Teague's maiden name. She also attached several text messages, suggesting ongoing conversations between Carter and Teague about the Property, taxes, and rent.

{¶ 10} Carter raised three counterclaims: (1) "defense" in which Carter explained that Teague had given her the deed, and then fraudulently filed an affidavit disputing ownership and a false police report, claiming that Carter had stolen the Property; (2) slander of title; and (3) forcible entry and detainer. For relief, Carter requested that the trial court confirm she had legal title to the Property and clear it of any cloud on title. Carter also sought $81,000 for unpaid balances owed for the defaulted promissory note, back taxes ($40,000 on the original note, $15,000 in interest, and approximately $26,000 in back taxes), and any other

damages proven as a direct result of Teague's negligent, intentional, malicious, and fraudulent actions against Carter.

{¶ 11} On February 28, 2023, the magistrate referred the cases to mediation; however, mediation was unsuccessful and the case was returned to the trial court's docket in June 2023. At that time, Teague notified the court that she had terminated her attorney. The trial court issued an order requiring Teague's counsel to file a motion to withdraw within 30 days of the order. Shortly thereafter, Teague's counsel filed a "Notice of Termination of Counsel's Services" in the Quiet Title case. In it, counsel alleged that Teague terminated his representation and had not yet retained new counsel. Consequently, he had not been able to transfer his file to new counsel. Counsel alleged that he contacted Teague for further instruction several times but had not received a response.

{¶ 12} On August 1, 2023, on both dockets, the court journalized the results of a telephone conference that was attended by Teague, Carter, Carter's spouse, and Davis. At that time, Teague informed the trial court that she had secured new counsel. The court set a deadline of August 15, 2023, for Teague's counsel to file a notice of appearance. A notice of appearance was not filed.

{¶ 13} Two weeks later, the trial court scheduled the case for trial in November 2023. This notice appeared on both dockets. On the date of trial, Carter, Davis, and their witnesses appeared, but Teague and her counsel did not.

{¶ 14} On November 16, 2023, Teague's new counsel filed a notice of appearance and a motion for a new trial in the Quiet Title case. Both the docket for

the Quiet Title and FED cases reflect that a hearing on the motion for new trial was scheduled for December 18, 2023. Neither Teague nor her new counsel appeared for the hearing, and the trial court denied the motion. Subsequently, Teague filed a motion to reconsider the denial of the motion for new trial and, on January 12, 2024, Carter filed a motion for default judgment.

{¶ 15} On August 30, 2024, the magistrate filed a decision. In it, he denied Carter's motion for default judgment as moot, denied Teague's motion for reconsideration, and dismissed Teague's claims for failure to prosecute, noting

> that the trial in this matter was scheduled on August 30, 2023 (to be held on November 13, 2023), nearly thirty days after Teague informed the Court that she had retained counsel. The Court provided counsel 14 days thereafter to file a notice of appearance. No notice of appearance was filed until three days after the trial. Further, though [new counsel] states that "only twelve (12) days elapsed from the filing of the Motion for a New Trial to the hearing (on the motion)," the Court record demonstrates that the Motion for a New Trial was filed on November 16, 2023, and the hearing on the motion was held on December 18, 2023, providing more than ample time for [new counsel] through daily or even weekly diligence to learn of and attend the hearing on the Motion for a New Trial. As noted above, since neither he, nor his client attended the hearing on the Motion for a New Trial, that motion was denied.

{¶ 16} With respect to Carter's claims, the magistrate found that Carter provided evidence that she and Teague entered into a promissory mortgage note for the sum of $40,000 plus interest in the sum of $15,000 for the purchase of the Property. Carter further established that Teague did not make any payments toward the loan, did not pay the utilities in full, or pay the real estate taxes. Further, Carter submitted an exhibit that established that, as of the first half of 2021, the taxes due

on the Property totaled $26,024.80.  Ultimately, the magistrate found that Carter was the owner of the Property and was entitled to reestablish ownership and possession.  Finally, the magistrate granted Carter judgment against Teague in the amount of $40,000 plus interest in the sum of $15,000, and $26,000 in taxes as sought in Carter's complaint and counterclaim.

{¶ 17} Teague filed a motion to set aside the magistrate's order.  She did not file objections to the magistrate's decision nor did she submit a transcript for review.  The trial court denied the motion and adopted the magistrate's decision on October 24, 2024.  Teague appeals from that order, assigning the following errors for our review.

### Assignment of Error No. 1

Two cases at the trial court level were not fully nor properly consolidated by the trial court.

### Assignment of Error No. 2

The Clerk's office did not consolidate the administration of the cases as a single case, thereby failing to send notices to [Teague] or her Counsel.

### Assignment of Error No. 3

[Teague's] initial counsel was "allowed" to withdraw from one of the two consolidated cases but not the other case, thus [Teague] had separate counsel on the two cases.

### Assignment of Error No. 4

The Trial Court (Magistrate) was only hearing one of the two cases, with notices only sent on the other case not before him.

## Assignment of Error No. 5

The Magistrate granted judgment to [Carter] (adopted by trial judge) despite no factual support for the fraudulent transfer to Defendant of Plaintiff's residence.

## Assignment of Error No. 6

The Magistrate granted a money judgment to [Carter] (also adopted by trial judge) despite no factual support or pleading support for a clearly excessive $81,000 money judgment against [Teague] in the Forcible Entry case.

## Law and Analysis

{¶ 18} We note that we are hampered in our ability to review this appeal because Teague's brief fails to comply with the requirements of App.R. 16. An appellant's brief "shall" contain

[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

App.R. 16(A)(7).

{¶ 19} This requirement helps "'the reviewing court in determining whether any reversible error occurred in the lower court by having the complaining party specify the exact location(s) where such a determination can be made.'" *Mayfair Village Condominium Owners Assn. v. Grynko*, 2013-Ohio-2100, ¶ 6 (8th Dist.), quoting *Hildreth Mfg. v. Semco, Inc.*, 2003-Ohio-741, ¶ 32 (3d Dist.). An appellate court is not required to search the record for evidence in support of an appellant's argument nor is it required to search for supportive law. *Id.,* citing *Nob Hill E.*

*Condominium Assn. v. Grundstein*, 2011-Ohio-2552, ¶ 11 (8th Dist.) and *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.).

{¶ 20} Teague's brief does not comply with App.R. 16(A)(7), since she did not separately address each assignment of error and her arguments are not supported by references to the record. In addition, the legal analysis for her six assignments of error is addressed in two paragraphs that contain no citations to authority. An appellate court may "disregard an assignment of error for review if the party raising it 'fails to argue the assignment of error separately in the brief as required under App.R. 16(A).'" *Lamb v. Reynoldsburg Civ. Serv. Comm.*, 2021-Ohio-2322, ¶ 17 (10th Dist.), quoting App.R. 12(A)(2). This is also true when "an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)." *Strauss* at ¶ 72.

{¶ 21} In her two paragraphs of analysis, Teague merely states that the consolidation was "a source of confusion," but does not explain how that confusion lead to reversible error by citations to the record or caselaw; therefore we disregard the first through fourth assignments of error. Furthermore, with respect to the remaining assignments of error, Teague only cites legal authority in the standard of review section of her brief. However, the law cited is inapplicable to the issues she raises on appeal. Teague argues that the case is akin to a default judgment because the court ruled in her absence and cites default judgment caselaw in support. She also challenges the damages award based on Civ.R. 54(C) and 55(C), which apply to default judgments.

{¶ 22} This was not a default judgment case. The trial court denied Carter's motion for default judgment as moot. "A default judgment applies only where a party has failed to appear or otherwise defend." *Pete's Auto Sales v. Conner*, 2000 Ohio App. LEXIS 3838 at *5 (8th Dist. Aug. 24, 2000). Teague was represented by counsel and appeared and defended against Carter's counterclaims.

> "'[A] default by a defendant . . . arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or 'confessed' by the omission of statements refuting the plaintiff's claims . . . .'" It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or "otherwise defending" that a default arises. This rule applies to original claims as well as to counterclaims (Civ.R. 55[C]), and is logically consistent with the general rule of pleading contained in Civ.R. 8(D).'"

(Brackets in original.) *Id.* at *6-7, quoting *Ohio Valley Radiology Assn., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St. 3d 118 (1986), quoting *Reese v. Proppe*, 3 Ohio App. 3d 103, 105 (1981). Again, the trial court explicitly denied Carter's motion for default judgment.

{¶ 23} When, as here, a defendant files responsive pleadings but fails to appear for trial, the proper procedure is for the party seeking relief to proceed to trial ex parte in the defendant's absence. *Carter v. Nhan Le*, 2005-Ohio-6209, ¶ 18 (10th Dist.), citing *Ohio Valley Radiology* at 122. The plaintiff is entitled to judgment if they meet their evidentiary burden. *Id.* "'[O]nce a defendant has timely answered the complaint and contested the allegations therein; no default judgment can be entered against him.'" *Motors, L.L.C. v. Kaba*, 2025-Ohio-640, ¶ 48 (8th Dist.),

quoting *Fendrich v. Fendrich*, 1989 Ohio App. LEXIS 820 (8th Dist. Mar. 9, 1989), citing *Reese v. Proppe*, 3 Ohio App.3d 103, 105 (8th Dist. 1981). Civ.R. 55, which governs default judgments, " 'only applies where a defendant has "failed to plead or otherwise defend'" against the action." *Id.,* citing *Fendrich,* quoting Civ.R. 55. Civ.R. 54(C), which sets out parameters for a default judgment, likewise does not apply.

{¶ 24} Based on the foregoing, Teague's failures to separately address her assignments of error, cite to the record, and cite to relevant legal authority, prevents this court from determining the existence of reversible error.

{¶ 25} Accordingly, the trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
DEENA R. CALABRESE, J., CONCUR