[Cite as *S. Shore Lake Erie Assets & Operations, L.L.C. v. Johnson*, 2025-Ohio-4950.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SOUTH SHORE LAKE ERIE ASSETS
& OPERATIONS, LLC,                          :

      Plaintiff-Appellee,                :

                             No. 114726

      v.                                 :

LANCE B. JOHNSON, ET AL.,                   :

      Defendants-Appellants.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 30, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-977702

---

### *Appearances:*

Seeley, Savidge Ebert & Gourash, LPA, Daniel F. Gourash,
and Jeffrey S. Moeller, *for appellee*.

Christopher R. Fortunato, *for appellant* Knot Partners
LLC.

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Knot Partners LLC ("Knot Partners") appeals

from the trial court's grant of partial summary judgment in favor of plaintiff-

appellee South Shore Lake Erie Assets & Operations, LLC dba South Shore Marine ("South Shore"). For the following reasons, we affirm the trial court's ruling.

**Factual and Procedural History**

{¶ 2} The underlying lawsuit arises from the brokerage agreement entered into early August 2022, by Knot Partners, a limited liability corporation solely owned by defendant Lance B. Johnson ("Johnson"), and South Shore, a yacht dealer and used-vessel broker. Under the brokerage agreement, South Shore agreed to broker the sale of Knot Partners' 2022 Regal 26XO pleasure craft ("vessel") that Knot Partners originally purchased in February 2021.

{¶ 3} The brokerage agreement included the following terms:

OWNER'S AFFIRMATIONS AND CERTIFICATIONS: The Owner agrees to complete [South Shore's] vessel fact sheet, which provides an inventory of the equipment included with the property. This form also explains the property's history and requires that the Owner disclose any known repairs, pending maintenance requirements or deficiencies.

. . .

INDEMNITY BY OWNER FOR MISREPRESENTATION: Owner recognizes that [South Shore] is relying on all good faith information provided herein or supplied by the Owner in connection with the property. Owner agrees to indemnify and hold [South Shore harmless] from any claims, demands, damages, suits, liabilities, costs, and expenses (including reasonable attorney's fees) arising out of any misrepresentation, non-representation, or concealment by the Owner.

{¶ 4} In addition to the brokerage agreement, South Shore provided Johnson with an Initial Trade Facts & Disclosure Form ("disclosure form") that sought information on the vessel's history including "water/flooding history." Johnson did not complete the disclosure form, and South Shore's employee

obtained the information through telephone conversations with Johnson during which Johnson allegedly misrepresented that the vessel had never experienced any flooding.

**{¶ 5}** South Shore took possession of the vessel on or about August 13, 2022, and within a few days South Shore completed a presurvey inspection detailing the recommended services that would supposedly best help to sell the boat and provided an estimate for the proposed work. The presurvey inspection and related estimate did not reference any mechanical problems with the vessel's generator. Knot Partners approved the recommended repairs, South Shore completed the repairs, and Knot Partners paid the corresponding invoice. A bill of sale executed on November 29, 2022, transferred ownership of the vessel from Knot Partners to a third-party buyer ("buyer").

**{¶ 6}** South Shore alleged that between August 2022 — when the parties executed the brokerage agreement — and November 2022 — when the buyer purchased the vessel, South Shore discovered operational difficulties with the vessel's generator. South Shore further alleged that Knot Partners denied the vessel had flooded during its ownership and thereby misrepresented, prior to the sale to the buyer, the condition of the generator. Accepting Knot Partner's representations as true, South Shore believed the generator problems were covered by the applicable warranty and, therefore, sold the vessel to the buyer "as is" and with an agreement that South Shore and Westerbeke — the generator's manufacturer — would repair the generator under the terms of the warranty. However, when it was discovered

that the generator problems were allegedly caused by flooding of the equipment —

an event that voids the generator's warranty — Westerbeke refused to warrant the

needed repairs. South Shore ultimately paid the cost of the generator repairs and

filed the underlying lawsuit on April 7, 2023, seeking indemnification for those

expenses.

{¶ 7} South Shore's complaint alleged fraud against Johnson and Knot

Partners and contractual indemnity or breach of contract against Knot Partners.

South Shore attached to the complaint copies of the executed brokerage agreement

and the disclosure form completed by South Shore's employee.[1] On July 11, 2023,

Johnson filed an answer and counterclaim against South Shore.[2] South Shore

answered the counterclaim on August 8, 2023.

{¶ 8} On August 16, 2023, Knot Partners filed an answer to the complaint

and a counterclaim against South Shore alleging negligence, gross negligence,

breach of contract, and defamation. South Shore answered Knot Partners'

counterclaim on August 18, 2023.

{¶ 9} On September 20, 2024, South Shore filed a motion for partial

summary judgment against Johnson and Knot Partners seeking (1) dismissal of

Johnson's and Knot Partners' counterclaims and (2) judgment in favor of South

---

[1] Knot Partners alleges the disclosure form is a "fake, hearsay document."

[2] Johnson and Knot Partners filed third-party complaints against Regal Marine Industries, Inc. ("Regal Marine") on July 24, 2023, and August 27, 2023, respectively. Regal Marine is not a party to this appeal and, accordingly, the procedural history relating to Regal Marine is not referenced in this opinion.

Shore on its breach-of-contract claim against Knot Partners. The summary-judgment motion did not address South Shore's allegations of fraud. The parties fully briefed the motions, and on October 21, 2024, the trial court issued a ruling that found that

> [u]pon a consideration of the briefs of the parties and the record evidence, construed most strongly in favor of Knot Partners and Johnson, the plaintiffs' motion for summary judgement is granted in the following respects:
>
> South Shore's affirmative breach of contract claim against Knot Partners (Count 2 of the complaint) on the issues of duty and breach, but leaving the amount of damages for trial; and the entirety of Knot Partner's LLC and Lance Johnson's August 16, 2023 counterclaims for negligence, gross negligence, breach of contract, and defamation.
>
> This leaves for a trial the following issues: (1) what amount of damages did South Shore incur as a result of Knot Partners, LLC's breach of contract; and (2) all of the elements of South Shore's fraud cause of action against Johnson and Knot Partners.

Oct. 21, 2024 journal entry.

{¶ 10} On November 13, 2024, South Shore moved to voluntarily dismiss, with prejudice, its fraud claim against both defendants, and the trial court granted the motion on December 5, 2024. Thus, the only issue remaining at trial was the determination of damages under the breach-of-contract or contractual indemnity claim against Knot Partners.

{¶ 11} The case proceeded to a jury trial on December 9, 2024, where Johnson represented himself pro se, and counsel represented Knot Partners. On December 10, 2024, the jury found Knot Partners' breach of contract damaged South Shore in the amount of $145,443.13. On December 13, 2024, South Shore

filed a motion requesting the trial court tax court costs and award prejudgment interest.

{¶ 12} On December 30, 2024, Johnson filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(3), and on January 7, 2025, Johnson filed a notice of appeal in a companion case to the instant appeal. *See* 8th District Cuyahoga No. 114777.

{¶ 13} On January 9, 2025, Knot Partners filed a notice of appeal and now presents three assignments of error for our review:

> Assignment of Error I: The trial court erred when it granted partial summary judgment to the appellee South Shore Lake Erie Assets on their motion for partial for [sic] summary judgment against Knot Partners LLC on the fraud count.
>
> Assignment of Error II: The trial court erred when it granted summary judgment to appellee South Shore on its count against Knot Partners for indemnification.
>
> Assignment of Error III: The trial court erred when it granted summary judgment to appellee South Shore on the appellant's counterclaim to South Shore's complaint.

{¶ 14} On January 15, 2025, South Shore filed a motion to remand for the limited purpose of addressing its pending motion on court costs and prejudgment interest. This court granted the motion on January 17, 2025, and the trial court conducted a hearing before it granted the motion and assessed court costs and prejudgment interest.

{¶ 15} The case was returned to this court's docket, the parties briefed the assignments of error, and the case is ripe for appellate review.

**Legal Analysis**

**A. Standard of Review**

{¶ 16} Before a trial court grants a motion for summary judgment, pursuant to Civ.R. 56(C), the court must determine that

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 17} On a summary judgment motion, the moving party's initial burden is to identify specific facts in the record that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 1996-Ohio-107, ¶ 17. If the moving party does not satisfy this burden, summary judgment is not appropriate. If the moving party meets the burden, the nonmoving party has a reciprocal burden to point to evidence of specific facts in the record that demonstrate the existence of a genuine issue of material fact for trial. *Id.* Where the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.* "[A]ll evidence submitted upon a motion for summary judgment [must] be construed most strongly in favor of the party against whom the motion is made." *Morris v. First Natl. Bank & Trust Co.*, 21 Ohio St. 2d 25 (1970), paragraph two of the syllabus.

**{¶ 18}** An appellate court applies a de novo standard when reviewing a trial court's decision that granted summary judgment. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758, ¶ 11 (8th Dist.).

**B. Fraud**

**{¶ 19}** Knot Partners' first assignment of error argues that the trial court erred when it granted South Shore's motion for summary judgment on its fraud claim.

**{¶ 20}** South Shore's complaint alleged both breach of contract and fraud. South Shore filed a partial motion for summary judgment seeking relief on its breach-of-contract claim and Knot Partners' counterclaims; the motion did not address South Shore's fraud claim. The trial court's October 21, 2024 journal entry granted South Shore partial summary judgment on the issues of duty and breach under its contract claim and on Knot Partners' counterclaims, thereby leaving for trial (1) the amount of damages due South Shore as a result of Knot Partners' breach of contract and (2) "all of the elements of South Shore's fraud cause of action against Johnson and Knot Partners." Oct. 21, 2024 journal entry. On December 5, 2024, the trial court granted South Shore's unopposed motion to voluntarily dismiss its fraud claim with prejudice.

**{¶ 21}** "Where mootness is concerned, 'an actual controversy must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated,' unless the issue is 'capable of repetition, yet evading review.'" *Graham v.*

*Lakewood*, 2018-Ohio-1850, ¶ 23 (8th Dist.), quoting *Roe v. Wade*, 410 U.S. 113, 125 (1973). This court stated that

> [a] "moot question" is defined as, among other things:
>
> A question which does not rest upon existing facts or rights; a question as to which in reality there is no actual controversy existing; a question which involves no right actually asserted and contested. * * * A question which has lost significance because of a change in the condition of affairs between the parties, whether before or after the commencement of the action.

(Citations omitted.) *Lundeen v. Turner*, 2020-Ohio-274, ¶ 7 (8th Dist.), quoting *Ballentine's Law Dictionary* (3d Ed. 2010). "An event that causes a case to become moot may be proved by extrinsic evidence." *Lundeen*, quoting *State ex rel. Hawkins v. Haas*, 2014-Ohio-5196, ¶ 4, fn. 1, citing *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2348, ¶ 2, fn. 1, citing *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472 (1992). South Shore's fraud claim became moot when the trial court granted the motion to dismiss the claim with prejudice and, accordingly, any challenge to the fraud cause of action is moot.

{¶ 22} Additionally, a review of the record demonstrates that no motion for summary judgment on the issue of fraud was filed with the trial court nor granted. Because Knot Partners does not challenge a judgment rendered by the trial court and that is before us on this appeal, Knot Partners has failed to demonstrate any error by the trial court.

{¶ 23} For the foregoing reasons, Knot Partners' first assignment of error is overruled as moot.

## C. Indemnification

{¶ 24} Knot Partners argues in its second assignment of error that the trial court erred when it granted summary judgment to South Shore on indemnification. Knot Partners' entire argument under the second assignment of error states:

> The trial court should not have granted judgment on the count where Knot Partners would be ordered to indemnify South Shore for any damages.
>
> The same standard of review on summary judgment applies here.
>
> If this Court reverses on Assignment of Error 1, it should also reverse on Assignment of Error 2. If the trial court erred on the issue of finding Knot Partners was liable for fraud, the finding of liability on indemnification should also go back to the trial court for trial.

Appellant's brief, p. 17.

{¶ 25} Knot Partners' reply brief further contends that the disclosure form relied upon by the trial court when it granted summary judgment "was a fake, hearsay document attached by [South Shore's] counsel to deceive the [t]rial [c]ourt." Reply brief, p. 4. The reply brief references the brokerage agreement allegedly executed by Johnson on August 8, 2022, and attached to his affidavit, but cites to no case law or statutes in support of his allegation that the "fake, hearsay document" was at "the core" of his assigned errors. Neither Knot Partners' appellate brief nor reply brief present cogent legal arguments that analyze and support its second assigned error.

{¶ 26} App.R. 16(A)(7) requires an appellant to include in his appellate brief "[a]n argument containing the contentions of the appellant with respect to each

assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." In accordance with App.R. 12(A)(2), a reviewing court may disregard an assignment of error "'if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *Baxter v. Thomas*, 2015-Ohio-2148, ¶ 54 (8th Dist.), quoting *Rodriguez v. Rodriguez*, 2009-Ohio-3456, ¶ 4 (8th Dist.). Further, "[a]n appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)." *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.), citing *State v. Martin*, 1999 Ohio App. LEXIS 3266 (12th Dist. July 12, 1999), citing *Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164 (3d Dist. 1995); *Siemientkowski v. State Farm Ins.*, 2005-Ohio-4295 (8th Dist.). "'If an argument exists that can support [the] assigned error, it is not this court's duty to root it out.'" *Strauss*, quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028 (9th Dist. May 6, 1998).

{¶ 27} To the extent Knot Partners attempts to boot strap its arguments from the first assigned error in support of the second assignment of error, we reject that argument on the same grounds we rejected the first assignment of error. Additionally, Knot Partners failed to cite any authorities or statutes and failed to separately argue the second assignment of error. Accordingly, we summarily overrule the second assignment of error.

**D. Knot Partners' Counterclaim**

{¶ 28} In the third assignment of error, Knot Partners argues the trial court erred when it granted summary judgment to South Shore on Knot Partners' counterclaim. Knot Partners contends that Johnson's affidavit and Knot Partners' counterclaim demonstrated there was a genuine issue of material fact that should have precluded a grant of summary judgment.

{¶ 29} Johnson's affidavit and attachments total over 70 pages of documents. The only case law cited by Knot Partners identifies the elements of negligence and breach of contract. This court previously found that

> [w]e are not obliged to scour the record in search of evidence to support an appellant's assignment of error. *Nob Hill E. Condo. Assn. v. Grundstein*, 8th Dist. No. 95919, 2011-Ohio-2552, ¶ 11. Nor is it our duty to search for law in support of an appellant's argument on appeal. *Strauss v. Strauss*, 8th Dist. No. 95377, 2011-Ohio-3831, ¶ 72.

*Mayfair Vill. Condo. Owners Assn. v. Grynko*, 2013-Ohio-2100, ¶ 6 (8th Dist.); *see also In re E.G.*, 2017-Ohio-2584, ¶ 27 (9th Dist.) ("Conclusions without an evidentiary basis fail to provide this Court with a valid basis on which to disturb the judgment of the trial court. . . . [I]t is not the duty of this Court to scour the record for evidence and construct an argument on an appellant's behalf.").

{¶ 30} Here, Knot Partners failed to construct an argument on appeal, cite relevant case law, or develop a legal basis for its claim that the trial court erred when it granted South Shore's motion for summary judgment on Knot Partners' counterclaims. We decline to review the third assignment of error pursuant to the appellate rules and, therefore, the assignment of error is overruled.

**{¶ 31}** For the foregoing reasons, we find Knot Partners' assignments of error are overruled. Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)