[Cite as *Baraona v. SMS Fin., L.L.C.*, 2025-Ohio-5627.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

FRANK J. BARAONA, ET AL.,      :

    Plaintiffs-Appellants,      :

                             No. 114718

v.      :

SMS FINANCIAL, LLC,      :

    Defendant-Appellee.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART, REVERSED IN PART, AND
                REMANDED
**RELEASED AND JOURNALIZED:**  December 18, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-982338

---

### *Appearances:*

Jonathan P. Blakely, *for appellants*.

McCarthy, Lebit, Crystal & Liffman Co., LPA, and David
M. Cuppage, *for appellee*.

ANITA LASTER MAYS, J.:

## I.  Introduction

{¶ 1}  Plaintiffs-appellants, Frank and Emily Baraona ("the Baraonas"), appeal from the trial court's judgment granting summary judgment in favor of defendant-appellee, SMS Financial, LLC ("SMS").  The trial court concluded that the

doctrine of res judicata barred the Baraonas' declaratory judgment and tort claims arising after SMS pursued a bank garnishment.

{¶ 2} For the reasons that follow, we affirm in part, reverse in part, and remand.

## II. Factual and Procedural Background

{¶ 3} The underlying dispute originates with a 2012 consent judgment in favor of H. Leff Electric Company ("Leff") against All Brite, Inc., in the amount of $142,738.66. The Baraonas were individually and jointly liable under the consent judgment. The judgment was recorded in Cuyahoga and Ottawa counties, thereby creating liens on the Baraonas' property interests. In 2013, Leff was purchased by AMP Electrical Distribution Solutions, Inc., and subsequently changed its name to HLE Company.

{¶ 4} In 2015, Leff formally dissolved. On January 10, 2018, Leff assigned the judgment to Sanford Leff, Jr., as trustee. Despite the dissolution and transfer to the trustee, in December 2022, SMS purportedly obtained an assignment of the 2012 judgment, listing Leff as assignor.

{¶ 5} In February 2023, SMS initiated bank garnishment proceedings against the Baraonas. The garnishment notice advised the Baraonas that "no objections to the judgment itself will be heard or considered," pursuant to R.C. 2716.13(C). As a result of the garnishment, funds from the Baraonas' bank accounts were released to SMS. The Baraonas did not appeal.

{¶ 6} On July 13, 2023, the Baraonas filed a new complaint in the Cuyahoga County Court of Common Pleas. Their complaint sought a declaratory judgment regarding the enforceability of the 2012 judgment and the validity of SMS's ownership. The Baraonas claimed that Leff lacked ownership of the judgment in December 2022, because the judgment had previously been assigned to the trustee in January 2018. Consequently, Leff could not assign the judgment to SMS in 2022. Shortly after the Baraonas filed their complaint, SMS sought to remedy the defect in the chain of title. On July 24, 2023, Sanford Leff, Jr. executed a corrective assignment transferring the judgment to SMS. The Baraonas also asserted tort claims for conversion and slander of title and raised equitable defenses including laches and lis pendens. The Baraonas alleged, among other things, that SMS lacked authority to enforce the judgment because of Leff's dissolution and that the ten-year delay in collection materially prejudiced them.

{¶ 7} SMS responded with a motion for summary judgment, arguing that the doctrines of res judicata and claim preclusion barred all of the Baraonas' claims. SMS contended that the garnishment proceedings were dispositive because the Baraonas failed to challenge SMS's standing and the judgment's enforceability at that stage. SMS also argued that the corporate dissolution statute did not extinguish Leff's rights to enforce or assign the judgment.

{¶ 8} On September 15, 2023, the trial court granted summary judgment in SMS's favor on all claims. The court found that the doctrine of res judicata applied because the Baraonas could have challenged SMS's rights during the first

garnishment proceeding. The trial court dismissed all claims on res judicata grounds and did not reach the merits of laches, corporate dissolution, conversion, slander of title, or lis pendens. On de novo review, we address those claims that do not require factual findings.

{¶ 9} The Baraonas timely appealed, assigning the following five errors for review.

## III. Assignments of Error

### Assignment of Error No. 1

The trial court erred in granting summary judgment in favor of Defendant-Appellee by finding res judicata applied due to the bank attachment decision in Case No. JL-21-069147.

### Assignment of Error No. 2

The trial court erred in granting summary judgment to Defendant-Appellee and refusing to consider the doctrine of laches, which is predominantly a factual issue.

### Assignment of Error No. 3

The trial court erred in finding the judgment obtained in 2012 became uncollectible 5 years after the original judgment creditor filed a voluntary dissolution in 2015.

### Assignment of Error No. 4

The trial court erred in granting summary judgment to Defendant-Appellee on Plaintiffs-Appellants' tort claims of conversion and slander of title.

### Assignment of Error No. 5

The trial court erred in finding the assignment of the 2012 judgment Defendant-Appellee obtained *after* Plaintiffs-Appellants filed this lawsuit in the Cuyahoga Common Pleas Court did not violate *lis pendens*.

## IV. Law and Analysis

### A. Standard of Review

{¶ 10} We review a trial court's summary-judgment rulings de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The moving party must demonstrate no genuine issue of material fact, the moving party is entitled to judgment as a matter of law; and viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, and the nonmoving party must respond with specific facts showing a triable issue. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

### B. Res Judicata

{¶ 11} In the first assignment of error, the Baraonas argue that the trial court erred in holding that res judicata barred their claims based on a prior garnishment proceeding.

{¶ 12} As a preliminary matter, we note that this opinion does not authorize a collateral attack on the validity of the 2012 judgment itself or the first garnishment proceeding.

{¶ 13} The Baraonas contend that garnishment is a narrow proceeding under R.C. 2716.13(C), which expressly bars objections to the underlying judgment. Because the garnishment hearing could not address SMS's standing or the judgment's enforceability, those issues were never litigated and cannot be precluded.

{¶ 14} SMS counters, arguing that under *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995), res judicata bars not only claims that were litigated but also those that could have been raised. According to SMS, the Baraonas had an obligation to challenge ownership and enforceability earlier and cannot collaterally attack the judgment now. *Santomauro v. Sumss Property Mgt., LLC*, 2023-Ohio-280, ¶ 21 (9th Dist.)

{¶ 15} Garnishment is a "special statutory proceeding" designed only to reach assets of a judgment debtor, not to adjudicate ownership of the judgment itself. *Fid. & Deposit Co. of Maryland v. House,* 1979 Ohio App. LEXIS 10740, *4 (8th Dist. June 14, 1979). By statute, garnishment notices explicitly state, "No objections to the judgment itself will be heard or considered at the hearing." R.C. 2716.13(C).

{¶ 16} SMS's reliance on *State ex rel. Armatas v. Plain Twp. Bd. of Zoning Appeals*, 2020-Ohio-2973, is misplaced. *Armatas* did not expand claim preclusion; it reaffirmed *Grava's* four-element test: (1) a valid, final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or privity; (3) claims actually litigated or that could have been litigated; and (4) the same transaction or occurrence. *Id*. at ¶ 9. *Portage Cty. Bd. of Commrs. v. Akron*, 2006-Ohio-954, ¶ 84. Crucially, *Armatas* presumes the prior forum afforded a vehicle to raise the later-asserted claims and the parties failed to act.

{¶ 17} These cases are distinguishable from the instant case because the Baraonas were foreclosed from acting by statute. A garnishment proceeding is a

limited statutory action that permits only collection on an existing judgment and expressly prohibits objections to the judgment itself. *Community Bus Servs. v. Greater Hts. Academy,* 2009-Ohio-6218, ¶ 11 (8th Dist.*).* The statutory language within the garnishment proceeding notice barred any opportunity to litigate the claims raised in the Baraonas' complaint. R.C. 2716.13(C). Although R.C. 2716.13(C) permits a debtor to assert exemptions or other defenses to garnishment, the prior proceeding did not actually adjudicate SMS's ownership of the judgment or its standing to enforce it. Moreover, garnishment proceedings have no compulsory counterclaim requirement. *See id.* Therefore, a garnishment proceeding cannot satisfy the "identity of claims" element necessary for claim preclusion. On this record, neither claim nor issue preclusion bars the Baraonas' suit. Accordingly, a previous garnishment does not bar litigation of ownership and enforcement questions arising on a later, separate garnishment proceeding.

{¶ 18} The Baraonas' first assignment of error is sustained.

**C. Laches**

{¶ 19} In their second assignment of error, the Baraonas argue the trial court erred by rejecting laches. Although the trial court dismissed the laches claim on res judicata grounds, we may review its legal sufficiency de novo. *Ohio Academy of Nursing Homes, Inc. v. Ohio Dept. of Job & Family Servs.*, 2021-Ohio-1414, ¶ 18. (10th Dist.).

{¶ 20} Laches is an affirmative defense that must be properly pleaded under Civ.R. 8(C) or raised by motion under Civ.R. 12(B). *State ex rel. Spencer v. E.*

*Liverpool Planning Comm.,* 80 Ohio St.3d 297, 300 (1997). Civ.R. 8(C) requires a party, in responding to a preceding pleading, to set forth affirmative defenses in an answer. *See Nationstar Mtge. LLC v. Young*, 2016-Ohio-8287 ¶ 14 (9th Dist.). A party that fails to do so waives the defense unless it is raised by motion before pleading under Civ.R. 12(B), asserted in the responsive pleading under Civ.R. 8(C), or added by amendment under Civ.R. 15. *State ex rel. Plain Dealer Publishing Co. v. Cleveland,* 75 Ohio St.3d 31, 33 (1996). "An affirmative defense is waived under Civ.R. 12(H), unless it is presented by motion before pleading pursuant to Civ.R. 12(B), affirmatively in a responsive pleading under Civ.R. 8(C), or by amendment under Civ.R. 15." *Spain v. Hubbard,* 2003-Ohio-2555, ¶ 34 (7th Dist.).

{¶ 21} The Baraonas argued that more than ten years without meaningful collection efforts had passed, during which Leff allegedly represented that it would not enforce the judgment. They contend this delay allowed the debt to grow and prevented refinancing, resulting in material prejudice to them. On the other hand, SMS asserts that the Baraonas' laches defense was waived and SMS's renewal actions were sufficient.

{¶ 22} As a general matter, claims seeking equitable relief require the court to balance the equities on a fact-specific record. *Michael v. Miller*, 2022-Ohio-4543, ¶ 33, quoting *Blue View Corp. v. Rhynes*, 2006-Ohio-4084, ¶ 14 (9th Dist.). Because balancing equities entails weighing the evidence, summary judgment is ordinarily inappropriate. *Id.* Nevertheless, where the defense is procedurally waived, the court need not reach the merits.

{¶ 23} Here, the record reflects disputed facts concerning delay, notice, and prejudice. But those disputes do not alter the dispositive procedural posture: laches is a defense, not a cause of action, and it must be set forth in a responsive pleading. *Spencer*, 80 Ohio St.3d at 299; Civ.R. 8(C). The Baraonas raised laches as an affirmative claim rather than pleading it as a defense against any opposing claim, and they did not raise it in conformity with Civ.R. 12(B) or 15. Although issues of delay and prejudice are fact intensive, the failure to plead laches in a responsive pleading precludes its consideration. We find that the Baraonas' laches defense was waived as a matter of law.

{¶ 24} The Baraonas' second assignment of error is overruled.

### D. Corporate Dissolution

{¶ 25} In their third assignment of error, the Baraonas challenge the trial court's decision granting summary judgment on the collectability and assignment of the 2012 judgment following the dissolution of Leff in 2015. They assert that Leff's authority to act expired five years after dissolution under R.C. 1701.88, rendering any subsequent assignment void.

{¶ 26} Under R.C. 1701.88(A), a dissolved corporation may wind up its affairs for five years after dissolution. Subsections (B) and (C) extend this authority to actions necessary to collect or enforce existing rights, while R.C. 1701.89 permits the court to extend that period. The statute, however, authorizes only acts required to wind up corporate affairs, not new business activity. *Grimmer v. Shirilla*, 2016-Ohio-5423, ¶ 32 (8th Dist.). Determining whether SMS held enforceable rights

depends first on whether Leff, a dissolved entity, could transfer the judgment under R.C. 1701.88.

{¶ 27} The record reflects an apparent break in the chain of title. In 2018, "HLE Company, formerly known as The H. Leff Electric Company dba Leff Electric," assigned the 2012 judgment to Sanford L. Leff, Jr. Nevertheless, on December 5, 2022, an assignment to SMS listed "H. Leff Electric Company dba Leff Electric" as assignor. SMS acknowledges that Sanford Leff was the proper holder at that time. To correct the discrepancy, Sanford executed a corrective assignment to SMS on July 24, 2023, filed August 7, 2023.

{¶ 28} The Baraonas contend that the 2022 assignment was void because it came from an entity that no longer existed and no longer held the judgment. They further argue that any rights conveyed in 2023 were ineffective to cure standing deficiencies retroactively. SMS maintains that it became the owner in 2022, that it acted as a bona fide assignee, and that the 2023 filing merely corrected the assignor's name. These competing assertions create genuine issues of material fact regarding ownership and timing.

{¶ 29} Standing must exist when a party invokes the authority of the court; it cannot be created through a post-filing transfer. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017, ¶ 26; *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 22. While Civ.R. 17(A) allows substitution or ratification, it does not permit a party to manufacture standing where no interest existed at the time enforcement

actions began. *See Deutsche Bank Natl. Trust Co. v. Holden*, 2016-Ohio-4603, ¶ 30-38.

{¶ 30} Whether the 2022 assignment conveyed any enforceable interest, whether the 2023 corrective instrument can relate back, and whether any bona fide purchaser protections apply are questions of fact. Until those facts are determined, the dissolution analysis under R.C. 1701.88(A)-(D) and the necessity of an extension under R.C. 1701.89 remain unresolved. SMS's interpretation of R.C. 1701.88(C) does not eliminate the statutory requirement that an assignor must own what it purports to convey.

{¶ 31} Because genuine issues remain concerning ownership and the effective date of assignment, SMS failed to meet its initial burden under *Dresher,* 75 Ohio St.3d at 293. Accordingly, summary judgment was inappropriate. We do not address dormancy or collectability because the trial court granted summary judgment solely on res judicata and made no findings on those issues.

{¶ 32} The third assignment of error is sustained.

**E. Conversion and Slander of Title**

{¶ 33} In their fourth assignment of error, the Baraonas claim the trial court erred in granting summary judgment on their conversion and slander-of-title claims.

{¶ 34} Summary judgment on tort claims is reviewed de novo. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977).

{¶ 35} Conversion requires wrongful control over another's property. *Martin v. Mahr Machine Rebuilding, Inc.,* 2017-Ohio-1101, ¶ 13 (11th Dist.). Slander of title requires proof of a false statement, publication, malice, and damages. *Joyce v. Gen. Motors Corp.,* 49 Ohio St.3d 93, 96 (1990). However, actions taken pursuant to a facially valid court order are not wrongful, as a matter of law. *Penrod v. Pros. Atty. of Scioto Cty.,* 1990 Ohio App. LEXIS 1403 *1 (4th Dist. Apr. 4, 1990); *McCaughey v. Garlyn Shelton, Inc.,* 2008 U.S. Dist. LEXIS 2609 *10 (Jan. 14, 2008). There are three requirements to be met before an order is deemed valid: "(1) it must be regular in form (2) it must be issued by a court having authority to issue the particular order and having jurisdiction over the personal property described in it, and (3) all proceedings required for its proper issuance must have duly taken place." *Id.* at *13. The dissent would find the garnishment orders and liens facially valid; however, the trial court did not consider the validity of these orders or liens. Consequently, the dissent's reliance on the validity of the orders for the conversion and slander-of-title claims requires us to consider factual determinations never reached by the trial court. The court granted summary judgment based solely on res judicata.

{¶ 36} The court did not evaluate the elements of either tort, or whether SMS wrongfully exercised dominion or control over property for conversion, nor did the trial court consider the elements for a slander-of-title claim. Although our review of a summary judgment decision is de novo, we are limited to deciding whether genuine issues of material fact exist on the grounds actually decided. *See JPMorgan*

*Chase Bank, N.A. v. Liggins*, 2016-Ohio-3528, ¶ 14 (10th Dist.), quoting *Wiltz v. Clark Schaefer Hackett & Co.*, 2011-Ohio-5616, ¶ 13 (10th Dist.). We may not resolve factual disputes, weigh competing inferences, or make findings in the first instance. *Id.*

{¶ 37} Because the tort claims were dismissed on res judicata, an incorrect legal basis, and the trial court did not reach their merits or make any factual determinations, we cannot affirm on alternative theories that would require fact finding. We therefore reverse the grant of summary judgment on the conversion and slander-of-title claims.

{¶ 38} To the extent the record contains conflicting assignment instruments or inconsistencies regarding ownership, those disputes underscore that summary judgment on tort liability cannot be sustained absent trial court findings directed to chain of title and standing at the relevant times. Accordingly, summary judgment on conversion and slander of title is reversed and remanded for proceedings consistent with the trial court's findings.

{¶ 39} The Baraonas' fourth assignment of error is sustained.

**F. Lis Pendens**

{¶ 40} In their fifth assignment of error, the Baraonas contend that the trial court erred by finding that the doctrine of lis pendens did not invalidate a corrective assignment executed by SMS after the filing of this action. They argue that because SMS obtained the corrective assignment on July 24, 2023, 11 days after the

complaint was filed on July 13, 2023, the transfer violated R.C. 2703.26 and impermissibly cured a standing defect.

{¶ 41} Application of lis pendens pursuant to R.C. 2703.26 is a question of law reviewed de novo. The doctrine of lis pendens, codified in R.C. 2703.26, provides that during the pendency of an action involving specific property or rights in property, "no interest can be acquired by third persons in the subject of the action as against the plaintiff's title." The statute's effect is constructive notice, not invalidation. Transfers made while litigation is pending remain subject to the outcome of the case; they are not void. *Beneficial Ohio, Inc. v. Ellis*, 2009-Ohio-311, ¶ 8.

{¶ 42} Here, SMS attests that it purchased the 2012 consent judgment and associated liens in December 2022. The July 2023 document executed by Sanford Leff, Jr. was identified as a corrective assignment clarifying the name of the assignor, not a new transfer creating substantive rights. Under the authorities cited, even if lis pendens applied, the assignment remained valid but subject to this litigation's result. *Id.* The Baraonas' reliance on *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017, misconstrues that decision's procedural scope. *Schwartzwald* addressed the requirement that a plaintiff must possess standing when commencing a civil action, a rule directed to the initiation of proceedings rather than the enforcement of an existing judgment. Because SMS is an assignee and judgment creditor, not the plaintiff invoking jurisdiction, *Schwartzwald* does not apply and provides no basis to invalidate or disregard the corrective assignment.

{¶ 43} Although the trial court dismissed the lis pendens claim on res judicata grounds, its legal sufficiency may be reviewed de novo. Like the laches issue, resolution of the lis pendens claim does not require this court to make factual inferences to resolve the Baraonas' argument that SMS's post-filing corrective assignment was void or invalid under R.C. 2703.26. Accordingly, we affirm the trial court's judgment as to lis pendens on legal grounds. The Baraonas' fifth assignment of error is overruled.

## IV. Conclusion

{¶ 44} Appellants' first, third, and fourth assignments of error are sustained. The second and fifth assignments of error are overruled. We affirm in part and reverse in part. This matter is remanded for further proceedings on the claims the trial court did not reach on the merits, including those involving corporate dissolution, chain of title, and tort liability. The laches and lis pendens issues are resolved on appeal as questions of law.

{¶ 45} Judgment is reversed and remanded for findings on privity and chain of title, including the effective date of SMS's ownership, and whether the post-2015 acts were necessary to wind up under R.C. 1701.88(A)-(D), or otherwise authorized. The court shall reconsider appellant's conversion and slander-of-title claims in light of its chain-of-title determinations.

{¶ 46} The trial court's rejection of laches is affirmed. Laches is an affirmative defense that was not properly pleaded or preserved.

{¶ 47} The trial court's ruling on lis pendens is affirmed. Any mid-litigation transfer remains valid but is subject to the ultimate outcome of the case.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., CONCURS;
LISA B. FORBES, J., DISSENTS IN PART AND CONCURS IN JUDGMENT ONLY IN PART (WITH SEPARATE OPINION)


LISA B. FORBES, J., DISSENTING IN PART AND CONCURRING IN JUDGMENT ONLY IN PART:

{¶ 48} For the reasons set forth below, I dissent from the majority's opinion as relates to assignment of error No. 3. I concur in judgment only with regard to assignments of error Nos. 1, 2, and 4.

**Assignment of Error No. 3**

{¶ 49} With their third assignment of error, the Baraonas assert, "The trial court erred in finding the judgment obtained in 2012 became uncollectible 5 years after the original judgment creditor filed a voluntary dissolution in 2015." However,

the trial court made no findings regarding the collectability of the judgment. Instead, the trial court granted summary judgment against appellants on all of their claims, finding them barred by the doctrine of res judicata.

{¶ 50} This court has recently explained that

A "'moot question' is defined as, among other things:

A question which does not rest upon existing facts or rights; a question as to which in reality there is no actual controversy existing; a question which involves no right actually asserted and contested. . . . A question which has lost significance because of a change in the condition of affairs between the parties, whether before or after the commencement of the action."

*Lundeen v. Turner*, 2020-Ohio-274, ¶ 7 (8th Dist.), quoting *Ballentine's Law Dictionary* (3d Ed. 2010); *see also S. Shore Lake Erie Assets & Operations, LLC v. Johnson*, 2025-Ohio-4950, ¶ 21 (8th Dist.). "[I]n general, appellate courts avoid issuing advisory opinions." *State v. Baird*, 2020-Ohio-2717, ¶ 6, citing *Dohme v. Eurand Am., Inc.*, 2011-Ohio-4609, ¶ 27, citing *State ex rel. White v. Koch*, 2002-Ohio-4848, ¶ 18.

{¶ 51} In light of the foregoing, I would find the third assignment of error presents a moot issue because it is premised on the trial court having decided that the judgment was uncollectible. Because the trial court did not make such a ruling, I would overrule appellants' third assignment of error.